**EXHIBIT A**

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACG CREDIT COMPANY II, LLC,[1]<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 14-11500 (KJC)<br>)<br>)<br>)<br>) RE: D.I. _____ |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF EXECUTIVE SOUNDING BOARD ASSOCIATES LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR *NUNC PRO TUNC* TO JUNE 25, 2014

Upon the application (the "Application")[2] of ACG Capital Company II, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order") authorizing the Debtor to employ ESBA as its Chief Restructuring Officer ("CRO"), effective *nunc pro tunc* to June 25, 2014; and it appearing that this Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Debtor's chapter 11 case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application and in the DuFrayne Declaration that ESBA does not hold or representing interests adverse to the Debtor's estate; ESBA being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its

---

[1] The last four digits of the Debtor's federal tax identification number are 7139.

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED that:

1. The Application is GRANTED.

2. The Debtor is authorized to engage ESBA as CRO on the terms described in the Application and Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Application or any exhibits related thereto to the contrary:

    a. ESBA shall not act in any other capacity other than as the Debtor's CRO in connection with the Debtor's chapter 11 case.

    b. In the event the Debtor seeks to have ESBA assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either modifying the functions of his engagement or altering or expanding the scope of the engagement, an application to modify the engagement shall be filed.

    c. ESBA shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned, and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed.

    d. The Debtor is permitted to indemnify ESBA as the Debtor's CRO in accordance with the terms of the Engagement Letter.

    e. ESBA shall disclose any and all facts that may have a bearing on whether he holds or represents any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The Debtor is authorized and empowered to take all actions necessary to

implement the relief granted in this order.

4. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

5. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this order.

Dated:_____, 2014
     Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge