**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ACG CREDIT COMPANY II, LLC[1],<br><br>Debtor. | Chapter 11<br><br>Case No. 14-11500 (KJC)<br><br>Hearing Date: TBD<br>Objections Deadline: TBD |

### DEBTOR'S APPLICATION TO EMPLOY AND RETAIN DUFFYAMEDEO, LLP AS CO-COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO SECTIONS 327(a), 328, 330, 331 AND 1107(b) OF THE BANKRUPTCY CODE

ACG Credit Company II, LLC ("Debtor") files this Motion ("Motion") seeking entry of an order pursuant to sections 327(a), 328(c), 330, 331 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of the law firm of DuffyAmedeo LLP ("DuffyAmedeo") as co-counsel to the Debtor, *nunc pro tunc* to July 16, 2014 (the "Application") and respectfully represents as follows:

### BACKGROUND

1. On June 17, 2014 (the "Petition Date"), the Debtor filed a voluntary for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtor intends to continue in the possession of its property and the management of its business as a debtor in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed.

2. The Debtor is engaged principally in the business of loaning money to individuals and organization in order to purchase museum quality art. The Debtor retains collateral in the

---

[1] The last four digits of the Debtor's federal tax identification number are 7139.

form of art.

## JURISDICTION

3. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 327(a), 328(c), 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

5. By this Application, the Debtor seeks to employ and retain DuffyAmedeo as its attorneys, pursuant to sections 327(a) and 328 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, under a general retainer to perform the legal services more fully set forth herein, *nunc pro tunc* to July 16, 2014.

6. On July 16, 2014, the Debtor executed a retainer agreement with DuffyAmedeo (the "Retainer Letter"), subject to the approval of this Court. A copy of the executed Retainer Letter is annexed as Exhibit A to the accompanying Declaration of Todd E. Duffy in Support of the Motion to Retain DuffyAmedeo LLP as Co-Counsel to the Debtor and Debtor-in Possession (the "Duffy Declar.").

7. The Debtor desires to retain DuffyAmedeo as its co-counsel to provide such legal services as are necessary and requested by the Debtor, without limitation, and with a particular focus upon the significant litigation issues the Debtor must resolve as essential

to its restructuring in this Chapter 11 case.

8. The Debtor selected DuffyAmedeo to serve as bankruptcy counsel because of its attorneys' experience in the fields of debtor and creditors' rights, insolvency, bankruptcy related litigation, debt restructuring and corporate reorganization and commercial law. Accordingly, the Debtor believes that DuffyAmedeo is both well qualified and able to represent it in this chapter 11 case.

9. Subject to the allocation of responsibilities with Debtor's current counsel, Gellert Scali Busenkell & Brown, LLC ("GSB&B"), as described herein, DuffyAmedeo may be requested to render the following services to the Debtor:

(a) providing the Debtor with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;

(b) taking all necessary actions to protect and preserve the Debtor's estate during the pendency of the chapter 11 case, including the prosecution of actions by the Debtor, the defense of actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved and objecting to claims filed against the estate;

(c) preparing on behalf of the Debtor, as Debtor in possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of these chapter 11 cases;

(d) counseling the Debtor with regard to its rights and obligations as Debtor in possession;

(e) appearing in Court and to protect the interests of the Debtor before the Court; and

(f) performing all other legal services for the Debtor which may be necessary and proper in this proceeding.

10. Both DuffyAmedeo and GSB&B perform their work, and will continue to work, under the direction of Debtor's management. The Debtor's senior management is committed to minimizing the duplication of services in order to reduce professional costs, among other things. To that end, DuffyAmedeo is prepared to work closely with GSB&B to ensure there is no

duplication of effort or cost. The Debtor may also seek to retain other professionals either through application to this Court or in the ordinary course.

11. Subject to the Court's approval, and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to DuffyAmedeo on an hourly basis, plus the reimbursement of actual, necessary expenses incurred by DuffyAmedeo. The professionals presently designated to represent the Debtor (DuffyAmedeo does not employ paraprofessionals) and the hourly rates to be charged for their services are disclosed in the Duffy Declaration. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. The rates are set at a level designated to fairly compensate DuffyAmedeo for the work of its professionals and to cover fixed and routine overhead expenses.

12. Unlike many other firms, DuffyAmedeo does not charge for reimbursement of in-house expenses such as photocopying, electronic legal research, telephone and telecopier, or document processing. Rather, it is the policy of DuffyAmedeo to seek reimbursement only for expenses incurred by DuffyAmedeo on behalf of the client for service from third-party vendors and to seek such reimbursements at the cost charged to DuffyAmedeo, without mark-ups of any kind.

13. The Debtor submits that the retention of DuffyAmedeo under the terms described herein is appropriate under sections 327(a), 328(c) and 1107 of the Bankruptcy Code. Section 327(a) empowers the debtor, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist [the debtor] in carrying out [the debtor's] duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a

director, officer or employee of the debtor; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

14. Section 1107(b) of the Bankruptcy Code provides that "a person *is* not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Further, to the best of the Debtor's' knowledge, the attorneys of DuffyAmedeo do not have any connection with the Debtor, its creditors or any other party in interest, or its attorneys, as reflected in the Duffy Declaration. Accordingly, the Debtor believes DuffyAmedeo is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

15. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtor requests that DuffyAmedeo be compensated for its fees pursuant to the terms of the Retainer Agreement and that DuffyAmedeo receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtor in this Chapter 11 case.

## **NOTICE**

16. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims; (c) entities that may assert secured interests in the estate; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtor

submits that, under the circumstances, no other or further notice is required.

17. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Application and such other and further relief as may be deemed just and proper.

Dated: New York, New York
       July 16, 2014                        ACG Credit Company II, LLC,
                                            Debtor and Debtor in Possession


                                            /s/ Ian Peck
                                            Ian Peck
                                            Member