UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

ACG CREDIT COMPANY II, LLC[1],

Debtor.

Chapter 11

Case No. 14-11500 (KJC)

### DECLARATION OF TODD E. DUFFY IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN DUFFYAMEDEO LLP AS CO-COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION

TODD E. DUFFY, certifies, pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of the law firm of DuffyAmedeo LLP ("DuffyAmedeo"), which has its address at 275 Seventh Avenue, 7th Floor, New York, New York 10010.  I am an attorney-at-law, duly admitted and in good standing to practice in the states of New York, New Jersey and the commonwealth of Pennsylvania, and the United States Court of Appeals for the Second Circuit, the United States District Courts for the Southern and Eastern District of New York and the District of New Jersey.  I submit this Declaration in connection with the application (the "Application") of ACG Credit Company II, LLC, the Debtor and Debtor in Possession in the above-captioned case  (the "Debtor") to retain DuffyAmedeo as co-counsel to the Debtor in its chapter 11 case, *nunc pro tunc* to July 16, 2014, and to provide the disclosures required under sections 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      As a result of my firm's due diligence investigation of the Debtor, I have

---
[1] The last four digits of the Debtor's federal tax identification number are 7139.

ascertained that if retained, DuffyAmedeo:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Accordingly, I believe DuffyAmedeo is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

3. DuffyAmedeo has reviewed the relationship that its attorneys have with the United States Trustee for the District of Delaware (the "U.S. Trustee") and those persons employed in the office of the U.S. Trustee, and I have determined that DuffyAmedeo has no material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee.

4. DuffyAmedeo intends to work closely with Gellert Scali Busenkell & Brown, LLC ("GSB&B"), Debtor's current counsel, and the Debtors' senior management team to ensure that there is no unnecessary duplication of services performed for, or charged to, the Debtors' estate. In the unlikely event any matter were, in the future, to give rise to a potential conflict with respect to matters that otherwise would have been handled by DuffyAmedeo, another firm will handle such matters and DuffyAmedeo will not be involved.

**DUFFYAMEDEO'S COMPENSATION**

5. Subject to the Court's approval in accordance with section 330 of the Bankruptcy Code, such Bankruptcy Rules as may be applicable, the Local Rules and such other procedures as may be fixed by this Court, compensation will be payable pursuant to the terms of the

retention letter, dated July 14, 2014, between Debtor and DuffyAmedeo (the "Retainer Agreement"). A copy of the Retainer Agreement is annexed hereto as <u>Exhibit A</u>. The compensation payable to DuffyAmedeo pursuant to the Retainer Agreement will be charged at DuffyAmedeo's standard rate for bankruptcy legal work of $500 per attorney hour, plus the reimbursement of actual, necessary expenses incurred by DuffyAmedeo. My partner, Douglas Amedeo, and I will perform all work pursuant to the engagement. DuffyAmedeo does not employ paraprofessionals. DuffyAmedeo has not received an advance retainer.

6. It is DuffyAmedeo's policy to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone toll charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges (when not done in-house), travel expenses, expenses for working meals, third-party search and investigation charges, filing fees, and transcription costs. DuffyAmedeo bills these expenses at cost to its clients and makes no profit from these expenses. DuffyAmedeo believes that it is appropriate to charge these expenses to its clients as they incur them rather than increase its hourly rates and thereby spread the expenses among all clients.

7. This Declaration is intended to comply with Bankruptcy Rule 2016(b). DuffyAmedeo intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the administrative and other orders established by this Court.

8. In the 90 days prior to the Petition Date and to date, DuffyAmedeo has not received any payments from the Debtor, nor from any non-debtor parties or individuals on behalf

of the Debtor.

9. All fees and expenses to be charged by DuffyAmedeo will be subject to this Court's review under section 330 of the Bankruptcy Code and their payment by the Debtor will require orders of the Court, which DuffyAmedeo will apply for at the appropriate times.

10. No promises have been received by DuffyAmedeo or by any member or person associated with DuffyAmedeo as to compensation in connection with the chapter 11 cases other than in accordance with the terms of the Retainer Agreement and as discussed herein.

11. DuffyAmedeo further states that it has not shared, nor agreed to share, any compensation it has received or may receive with another party or person, other than the members of DuffyAmedeo, nor any compensation another party or party has received or may receive.

12. Except as disclosed herein, neither I, DuffyAmedeo, nor my partner, Douglas Amedeo, nor anyone associated with DuffyAmedeo represents any known interest adverse to the Debtor or its estate in matters regarding which DuffyAmedeo is to be engaged. I believe that DuffyAmedeo is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(a), of the Bankruptcy Code. Moreover, I believe none of the representations made herein would give rise to a finding that DuffyAmedeo represents or holds an interest adverse to the Debtors with respect to the services for which DuffyAmedeo would be retained.

13. By reason of the foregoing, I believe DuffyAmedeo is eligible for employment and retention by the Debtors pursuant to sections 327(a), 328, 330, and 331 of the Bankruptcy Code and the applicable Rules and Local Rules.

I hereby certify, under penalty of perjury, that the foregoing factual statements made by me are true to the best of my knowledge, information and belief.

*/s/ Todd E. Duffy*____<br>Todd E. Duffy

Dated: July 16, 2014