# **EXHIBIT "A"**

# DuffyAmedeo LLP

A NEW KIND OF LAW FIRM.

Todd E. Duffy
tduffy@duffyamedeo.com
(212) 729-5832

**VIA EMAIL**

July 14, 2014

Mr. Ian Peck
ACG Credit Company, LLC
850 Third Avenue
New York, New York 1002

      Re: Retention of Duffy Amedeo LLP as Special Counsel to the Debtor in In re ACG Credit Company II, LLC, Case No.: 14-11500 (KJC), United States Bankruptcy Court for the District of Delaware

Dear Mr. Peck:

    DuffyAmedeo, LLP (the "Firm") is pleased to be selected to represent the Debtor, ACG Credit Company II, LLC (the "Client" or "you") as Co-Counsel in the above-captioned bankruptcy case (the "Chapter 11 case"). In that capacity we will be working with your current bankruptcy counsel and take whatever steps are necessary to preserve the assets of the Debtor and expeditiously resolve your bankruptcy case (the "Matter"). Your confidence in the Firm is appreciated. Upon your execution of this letter agreement we will undertake your representation as described above in connection with this Matter, subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Please review this letter agreement carefully to ensure that you understand the scope of our Matter and your obligations as a client.

    **Scope of Matter.** Our Matter will be limited to providing legal services in connection with the Matter. If you wish for us to handle any matter outside the scope of the Matter, that representation would be subject to separate Matter, a separate retainer payment, and billable at our ordinary rate of $500 per hour. The Firm's receipt or use of confidential or other information in the course of this Matter does not mean that the Firm will render any other advice or services either to Client or any other person or entity.

    In this Matter we will be representing Client and not any other officer, director, employee, owner, founder, or partner of or any other person affiliated with Client, nor any subsidiary, parent or other affiliate of Client, nor any other party in the Litigation. If any of these persons or entities wishes to engage their own counsel, we would be happy to discuss with them whether we might be able to represent them as well. However, any such additional representation would be subject to a separate Matter letter and also would be subject to review, disclosure, and obtaining appropriate consents regarding any potential conflicts of interest.

    **Fees, Disbursements and Billing.** We charge for our services based upon an hourly rate of $500.00. We will also bill you for disbursements we make on your behalf, including filing

and service fees, delivery charges and postal fees, photocopying, and similar expenses for which we must pay third parties. The Firm does not charge for in-house services such as ordinary telephone or photocopying charges. If there is a large single item expense, we may forward the bill to you for direct payment.

We normally render bills monthly. Bills shall be payable upon approval of the Bankruptcy Court, at intervals subject to the procedures of the Bankruptcy Court. If you have any questions about any of your bills, we will be happy to discuss them with you. Your promptness in this will be appreciated, since it is easier to respond to questions shortly after a bill is rendered.

**Communications and Records.** We make no guarantee as to the outcome of the Matter. In the course of this Matter, I or others at the Firm may from time to time express opinions or beliefs regarding the likely effectiveness of various courses of action or about results that may be anticipated. You understand that any such statements are opinions and beliefs only and are not promises or guarantees.

We will provide you with copies of correspondence and legal documents relating to the Matter and will keep you apprised of its status. We understand that such communications should be directed to you as the designated contact for this Matter and that you will communicate with all others within the Client as to the Matter. In turn, we expect that the Client will cooperate fully with the Firm and provide complete, timely and accurate information regarding the Matter, so that we can provide proper representation.

The Firm may on occasion reference our clients' names in a context (such as biographies, practice and website descriptions) which may be deemed to constitute lawyer advertising. Please let us know if you would prefer that we do not identify you in such contexts. Otherwise, by signing a copy of this letter you consent to the Firm's doing so, subject of course to our obligation to preserve client confidences and any other obligation with which lawyers must comply under any applicable disciplinary rules.

We also enclose for your reference the Statement of Client's Rights and the Statement of Client's Responsibilities adopted by the Administrative Board of the Courts of the State of New York.

**Arbitration of Disputes.** Although the Firm believes it is unlikely to occur, it is possible that a dispute will later arise between us and you concerning some aspect of this representation. We believe most, if not all, disputes can be resolved amicably through informal discussions. We believe those that remain can be resolved more expeditiously and with less expense by binding arbitration than in court. This provision will explain under what circumstances such disputes shall be subject to binding arbitration.

Any and all disputes that we are unable to resolve between ourselves (including disputes concerning fees or costs, concerning any aspect of the attorney-client relationship, and/or concerning any claim arising out of or relating to this Agreement, including, without limitation, claims for breach of contract, professional negligence, breach of fiduciary duty, misrepresentation or fraud) shall be arbitrated in accord with the commercial arbitration rules of the American Arbitration Association ("AAA") (available on the AAA website,

www.adr.org, at http://adrom/sp.asp?id=22440), and any award issued in any such arbitration shall be enforceable in any court with jurisdiction. To the extent permitted by applicable law, the arbitration proceedings shall be confidential. Unless otherwise agreed in writing, the arbitration shall occur in the city in which the Firm attorney primarily responsible for work on this Matter is officed at the time that work on the Matter begins.

By signing this Agreement, the Firm and the Client acknowledge that they have had an opportunity to read the official written instructions and procedures for both Part 137 of the Rules of the Chief Administrator of the Courts of New York (22 NYCRR), enclosed herewith, and the commercial arbitration rules of the AAA, and Client has been advised: (1) that Client has the right to use the fee arbitration procedures of Part 137; and (2) that Client is not required to agree to arbitrate this fee dispute in an arbitral forum outside Part 137. By signing this form, the firm and Client agree to waive their rights with regard to arbitration pursuant to Part 137, which includes the right to reject the arbitration award by commencing an action on the merits (trial de novo) in a court of law. Client further acknowledge[s] that this agreement to arbitrate results in a waiver of the right to a court or jury trial for any fee dispute and malpractice claim. This also means that the Client may be giving up rights to discovery and appeal, to compel witnesses and documents, to seek all available relief (except punitive damages which are provided for under state law), and to have the Matter heard in a public forum. Client acknowledges that, before signing this Agreement and agreeing to binding arbitration, Client is entitled to, and has/have been given, a reasonable opportunity to seek the advice of independent counsel.

**Duration of the Matter**

Please note that the Firm is not obligated to perform services in connection with the Matter until you have returned a copy of this letter to me duly countersigned and have provided us with any required advance deposit payment. However, the effective date of this Matter is the date on which we first in fact perform services, subject to the approval of the Bankruptcy Court. The date at the beginning of this letter is for reference only. You may terminate this representation at any sooner time, and you agree that upon such termination you will pay reasonable fees and costs for reproducing a copy of the firm's file regarding the Matter. Subject to the applicable rules of professional conduct, we also reserve the right to withdraw, if among other things, you fail to make timely payment of any invoice, fail to cooperate appropriately with the Firm, or if any fact or circumstance arises that renders our continuing representation unlawful or unethical. Any withdrawal from our representation would be subject to such approval as may be required from any court in which we are appearing on your behalf. In the event of termination by either of us, fees and costs for work performed prior to termination would still be payable to the extent permitted by law.

The Matter will be considered terminated at the earlier of (i) Client's termination of the representation, (ii) the Firm's withdrawal from the representation, or (iii) the completion of the Firm's substantive work for Client, which, in the absence of a letter notifying you of the completion of the Matter, shall be presumed to occur six months after the rendition of the final bill.

**Miscellaneous.** This letter agreement states the total understanding between us as to our Matter. It may not be modified except in a writing executed by both of us. It shall be governed by the laws of the State of New York. This agreement may be signed in counterparts, and its execution indicates a commitment by all parties to be bound by its terms.

**Conclusion.** If these arrangements are satisfactory to you, we request that you countersign a copy of this letter and return it to us. Please let me know as soon as possible if you have any questions regarding anything set forth herein.

Very truly yours,

Todd E. Duffy

**Agreed to and Accepted:**

**ACG Credit Company II, LLC**

**Ian Peck**
**Its:    President**
**Duly Authorized**