**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ACG CREDIT COMPANY II, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-11500 (KJC)<br><br>Hearing Date: July 29, 2014 at 10:00 a.m. EST<br>Related Docket Nos. 54, 81, and 82 |

**OMNIBUS REPLY OF THE DEBTOR IN FURTHER SUPPORT OF ITS APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF EXECUTIVE SOUNDING BOARD ASSOCIATES LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR**
***NUNC PRO TUNC* TO JUNE 25, 2014**

The above-captioned debtor and debtor in possession (collectively, the "**Debtor**"), by and through its counsel and proposed counsel, submits this omnibus reply (the "**Reply**") to the objections of the United States Trustee (the "**UST Objection**") and SageCrest II LLC's (the "**SageCrest Objection**"), in further support of its motion for entry of an order authorizing and approving the employment of Executive Sounding Board Associates LLC ("**ESBA**") as chief restructuring officer for the Debtor *nunc pro tunc* to June 25, 2014. In support of the Reply, the Debtor relies on the annexed Declaration of Ian Peck dated July 28, 2014 (the "**Peck Declaration**") and respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The UST and the SageCrest Objections must be overruled by this Court and the appointment ESBA must be approved. The UST and SageCrest Objections indicate a concern for the Debtor's lack of transparency and, in the case of the SageCrest Objection, unauthorized use of "cash collateral." Although SageCrest's allegations about Peck are untrue, the existence of the allegations demonstrate why appointment of a CRO is being sought and should be granted.

2.  The Debtor maintains that it is an inherently reorganizable entity. However, as a result of the allegations of SageCrest challenging Mr. Peck's integrity, Mr. Peck determined that the appointment of ESBA allows the Debtor the best possible way to resolve the dispute with SageCrest, which in turn may lead to the recovery of substantial additional assets that would be available to pay creditors.  In the Debtor's business judgment, it believes that having a third party involved in the dispute may take some of the venom out of the process and allow for productive settlement discussions prior to the scheduled February 2015 trial date.  The UST Objection offers no evidence to contradict the Debtor's use of its business judgment, and SageCrest offers no evidence as to whether ESBA's appointment will lead to a settlement (only labeling it "unlikely").  This cannot be sufficient to justify a third party substituting its own judgment for the Debtor's business judgment and must be dismissed.

3.  Moreover, it has become clear that the dispute with SageCrest will not be resolved without an investigation to determine how SageCrest applied the payments received by SageCrest from the collection of loans and the sale of the collateral.  ESBA is well-suited to accomplish that essential task.

4.  With respect to the resources to pay ESBA and other professionals in this case, as is reflected in the Peck Declaration, the Debtor's parent company, Art Capital Group, LLC ("Art Capital"), is in the process of obtaining a line of credit in the amount of $650,000. Peck Declaration at ¶ 5.  This line of credit should be finalized by the end of the week and will be used for the sole purpose of funding the expenses of the Debtor during its bankruptcy case. Id.  Art Capital is not providing this line of credit as a loan. Id.  Rather, it considers the amounts paid to the Debtor to cover administrative expenses a capital investment.  This is similar to the $70,000 invested in the Debtor by another affiliate and used to pay retainers to many of the professionals retained or proposed to be retained.  Accordingly, no request for approval of "financing" is necessary.

## REPLY

**A.     ESBA's Appointment is a Reflection of the Debtor's Use of Its Sound Business Judgment**

5.      As discussed in the Motion, section 363(b) of the Bankruptcy Code provides that "the trustee [or debtor in possession], after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). In order to justify the proposed use of property outside the ordinary course of business, the debtor must articulate a sound business purpose that justifies the proposed use of the property. *See In re Lionel Corp*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.),* 242 B.R. 147, 153 (D. Del. 1999). Here, as articulated in the UST and SageCrest Objections, the Debtor believes that there is a fundamental mistrust between SageCrest and the Debtor that has prevented settlement of the underlying matter. *See* UST Objection ¶ 13 and SageCrest Objection at ¶ 16, Peck Declaration at ¶ 4. The Debtor believes that placing a third party as Chief Restructuring Officer will provide for a third party to come in and negotiate a successful settlement in the SageCrest litigation and that ESBA with its investigative and negotiation experience is well suited to accomplish these tasks. *Id.* The Debtor believes that SageCrest owes the Debtor a significant amount of money that will more than pay off unsecured creditors in full. Accordingly, if, as the Debtor believes, SageCrest owes the Debtor enough money to pay creditors in full and appointing a Chief Restructuring Officer will allow for a better chance to settle that litigation, this appointment will aid the Debtor's reorganization. *Montgomery Ward*, 242 B.R. at 154. To the extent that the UST or SageCrest object as to whether the use of the Debtor's property is not within the business judgment of the Debtor, the UST and SageCrest must produce some evidence supporting its objection. *Id.*

6.      The UST offers no evidence in support of her objection and the evidence offered by SageCrest fails to refute the proposition that a Chief Restructuring Officer may be able to diffuse the venom between the parties and provide for a settlement of the underlying

litigation and that an analysis of payments received by SageCrest may result in resolution of the controversy between SageCrest and the Debtor.  In support of its objection, SageCrest merely states that it is "unlikely" that anyone (presumably including Mr. Peck) could negotiate a settlement of the controversy between SageCrest and the Debtor unless and until it meets SageCrest's demands.  SageCrest Objection at ¶ 16.  While this self-serving posturing may be effective during negotiations, it cannot be considered sufficient evidence to refute the Debtor's business judgment.  Thus, the UST and SageCrest Objections as to the purpose of appointment of a Chief Restructuring Officer must be overruled.

**B.**     **Art Capital Has Agreed to Pay for Professionals Through a Dedicated Line of Credit**

7.     In an apparent attempt to question the business judgment of the Debtor, both the UST and SageCrest Objections claim that because there has been no motion for DIP financing, the Debtor has no resources to pay for the fees associated with its professionals.  This objection too fails because Art Capital has agreed to obtain a line of credit in the amount of at least $650,000.  Peck Declaration at ¶ 5.  The Debtor's parent is not seeking repayment of any funds disbursed to professionals in accordance with this line of credit.  Rather, Art Capital will be making a capital contribution in the Debtor to ensure that the Debtor can continue its investigation and defend its claims in the litigation against SageCrest.  *Id.*  Art Capital expects to have a commitment letter by Friday, August 1, 2014.  *See* Peck Declaration at ¶ 6.  Accordingly, because Art Capital is not seeking repayment of any money disbursed to the Debtor for payment of the Debtor's administrative expenses, no DIP financing motion is required by the Bankruptcy Code.  Thus, the UST and SageCrest Objections relating to the Debtor's ability to pay anticipated administrative expenses should be overruled.

**WHEREFORE**, the Debtor respectfully requests entry of an order: (i) appointing ESBA as chief restructuring officer as requested in the Motion; and (ii) granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>July 28, 2014 | GELLERT SCALI BUSENKELL & BROWN<br><br>/s/ Michael Busenkell<br>Michael Busenkell (No. 3933)<br>913 N. Market Street, 10th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 426-5800<br>Email: mbusenkell@gsbblaw.com<br><br>*Counsel to the Debtor and Debtor in Possession*<br><br>-and-<br><br>Todd E. Duffy<br>Douglas A. Amedeo<br>DUFFYAMEDEO, LLP<br>275 Seventh Avenue, 7th Fl<br>New York, New York 10010<br>Tel: (212) 729-5832<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* |