UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACG CREDIT COMPANY II, LLC,<br><br>          Debtor. | Chapter 11<br><br>Case No. 14-11500 (KJC) |

**DECLARATION OF IAN PECK IN FURTHER SUPPORT OF ITS APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF EXECUTIVE SOUNDING BOARD ASSOCIATES LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR**
***NUNC PRO TUNC* TO JUNE 25, 2014**

IAN PECK, pursuant to the provisions of 28 U.S.C. § 1746, states and declares as follows:

1. I am the president of ACG Credit Company II, LLC, the above-captioned debtor and debtor in possession. I respectfully submit this declaration in support of the Debtor's Application for an Order Authorizing and Approving the Employment of Executive Sounding Board Associates LLC as the Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to June 25, 2014. I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify competently thereto.

2. As referenced in the various motions and documents filed with this Court, the Debtor has been embroiled in a litigation with SageCrest II, LLC ("SageCrest") since 2008 in various courts and that litigation is now pending before the U.S. District Court for the District of Connecticut. During the course of that litigation, SageCrest has consistently maligned me personally accusing me of, among other things, moving money between various companies and has asserted alter ego claims against me.

3.  The emotions in the litigation have escalated over the past five years to the point where it is very difficult to expect any of the parties to resolve the situation in any reasonable or expeditious manner and conversations about settlement have, as a result, become counter-productive. It is this mistrust and a lack of information, among other reasons, that have prolonged the SageCrest litigation.

4.  It is my hope that by allowing ESBA to effectively run the Debtor including, but not limited to, making all final decisions with respect to the Debtor's business (including any settlement decisions) and conducting an analysis of payments received by SageCrest that a less emotional and pragmatic approach will prevail and all valid creditors in this proceeding will be paid in full as a result. I believe that if ESBA completes its analysis, the Debtor will discover that it has enough assets to pay all creditors in full.

5.  In addition to my role as president of the Debtor, I am the president of Art Captial Group, LLC ("Art Capital"), the Debtor's parent company. In my capacity as the president of Art Capital, I have negotiated and am in the process of finalizing a line of credit in the amount of $650,000. This line of credit will be taken out by Art Capital for the exclusive use of the Debtor to pay administrative expenses in connection with its bankruptcy case. Art Capital will consider any advanced under the line of credit as a capital investment in the Debtor and will not seek repayment of the advanced funds in the form of a debt repayment. Art Capital also understands that unless the controversy with Sage Crest II, LLC is resolved and all unsecured creditors are paid in full, Art Capital will not recover the money advanced to the Debtor to pay the Debtor's administrative expenses. Art Capital regards this risk as acceptable and necessary to save the Debtor from its demise and the only possible way to recapture assets and pay creditors in full.

6.  In my capacity as the president of Art Capital, I have contacted a lender and

began the process of obtaining the line of credit. I expect to have a commitment letter by Friday, August 1, 2014.

I certify under penalty of perjury under the laws of the United States of America that to the best of my knowledge, information and belief, the foregoing statements are true and correct.

Dated: July 28, 2014

_____
Ian Peck