IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ACG Credit Company II, LLC, ) | Case No. 14-11500 (KJC) |
| ) | |
| Debtor. ) | Hearing Date: July 29, 2014 at 11:00 a.m. |
| ) | Obj. Deadline: July 29, 2014 at 11:00 a.m. |
| ) | Related to Docket No. 63 |

**SAGECREST II, LLC'S OBJECTION TO THE DEBTOR'S APPLICATION
TO EMPLOY AND RETAIN DUFFY AMEDEO, LLP AS CO-COUNSEL TO
THE DEBTOR AND DEBTOR IN POSSESSION**

John D. Huber, as Trustee of the SageCrest Liquidating Trust ("SageCrest"),[1] by and through its undersigned counsel, submits this objection (the "Objection") to the application (the "Application") by ACG Credit Company II, LLC (the "Debtor") to employ and retain Duffy Amedeo, LLP ("Duffy LLP") as co-counsel to the Debtor and Debtor-in-Possession.

As set forth in SageCrest's July 24, 2014, objection to the Debtor's application to employ Executive Sounding Board Associates LLC as its Chief Restructuring Officer (Dkt. No. 81) (the "CRO Objection"), the Debtor has no business to reorganize and is merely in the final phase of its liquidation. SageCrest objects to the retention of Duffy LLP for all of the reasons described in the CRO Objection, and to minimize unnecessary repetition, respectfully incorporates the arguments made in the CRO Objection by reference.

1. Rather than seeking to employ the firm law firm that has been representing the Debtor in its litigation with SageCrest so that those claims can be liquidated to judgment, the

---

[1] SageCrest is the successor-in-interest to SageCrest II, LLC, a former lender of the Debtor. Upon SageCrest II, LLC's own bankruptcy and reorganization, all of the assets of SageCrest II, LLC (and others) were assigned to the SageCrest Liquidating Trust in accordance with the terms of a Plan of Reorganization. As used herein, the term "SageCrest" includes Mr. Huber in his capacity as Trustee, the SageCrest Liquidating Trust, and SageCrest II, LLC.

Debtor now seeks to employ Duffy LLP in the completely duplicative role as general bankruptcy counsel. But the Debtor already has Gellert Scali Busenkell & Brown, LLC ("GSBB") as its general bankruptcy counsel.

2. The Debtor has no assets to pay any of its professionals and is taking desperate, value destroying, and inappropriate steps that appear intended to deplete assets and enhance leverage with SageCrest. In the month since this case was commenced on June 17, 2014 (the "Petition Date"), the Debtor has failed to provide any substantive disclosures regarding its purported assets or its supposed plan for reorganization. The Debtor has failed to do so because doing so would spotlight how it is at the tail end of its liquidation and has no business to reorganize. As the limited financial disclosure that the Debtor has made has shown, the Debtor has a history of running up large professional bills that it cannot pay and appears to be doing so again here. Indeed, the only non-insider creditors identified on Schedule F of the Debtor's Schedules of Assets and Liabilities are SageCrest and professionals who have provided legal and accounting services to the Debtor. The Debtor is no longer making loans, is at the final stages of liquidating the last of its loan-related assets, is relying solely on its success in litigation to fund this chapter 11 case, has made no showing that it has any business to restructure, and has failed to make the disclosures it is required to make under the Bankruptcy Code.

3. Duffy LLP's retention would be duplicative of GSBB's retention and the roles of both counsel completely overlap. The Debtor has made no showing or representation that Duffy LLP has any specialized knowledge or skill that GSBB lacks. The Debtor has also failed to make any showing as to how Duffy LLP will assist the Debtor in its purported reorganization. This duplicative and redundant retention of law firms to represent the Debtor is inappropriate, particularly in light of the fact that the Debtor does not have the money to pay these

professionals. Under these circumstances, authorizing the Debtor's employment of Duffy LLP would only serve to further deplete the Debtor's assets by incurring needless professional fees, and the Debtor's Application should thus be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons set forth in the CRO Objection (Dkt. No. 81), SageCrest respectfully requests that the Debtor's Application for an order authorizing the Debtor to retain Duffy LLP be denied, and that the Court grant such other and further relief as is just and proper.

Dated: July 28, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _/s/_____
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: 302-652-3131
Facsimile:  302-652-3117

Laurence May
900 Third Avenue – 16th Floor
New York, NY  10022
Telephone:  212-752-8000
Facsimile:  212-752-8393

- and –

SHEPPARD MULLIN
RICHTER & HAMPTON LLP
Craig A. Wolfe
Robert S. Friedman
Mark E. McGrath
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212-653-8700
Facsimile:  212-653-8701
Counsel for SageCrest