## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ACG CREDIT COMPANY II, LLC,[1]<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 14-11500 (KJC)<br>)<br>)<br>)<br>) RE: D.I. 54, 74 |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF EXECUTIVE SOUNDING BOARD ASSOCIATES LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR *NUNC PRO TUNC* TO JUNE 25, 2014

Upon the application (the "Application")[2] of ACG Capital Company II, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order") authorizing the Debtor to employ ESBA as its Chief Restructuring Officer ("CRO"), effective *nunc pro tunc* to June 25, 2014; and it appearing that this Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Debtor's chapter 11 case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application and in the DuFrayne Declaration that ESBA does not hold or representing interests adverse to the Debtor's estate; ESBA being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its

---

[1] The last four digits of the Debtor's federal tax identification number are 7139.

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED that:

1.   The Application is GRANTED as set forth herein.

2.   The Debtor is hereby authorized to retain ESBA to provide the Debtor with a CRO and certain additional ESBA personnel to assist the CRO and to designate Michael DuFrayne as the Debtor's CRO, *nunc pro tunc* to June 25, 2014 on the terms and conditions set forth in the Application and the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application or any Exhibits related thereto to the contrary:

   a.   ESBA and its affiliates shall not act in any other (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) capacity other than as the Debtor's CRO in connection with the Debtor's chapter 11 case.

   b.   In the event the Debtor seeks to have ESBA assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel; (ii) adding new executive officers; or (iii) altering or expanding the scope of the engagement, an application to modify the engagement shall be filed.

   c.   ESBA shall file with the Court, with copies to the United States Trustee and all official committees, a report of staffing on the engagement for the previous month (the "Staffing Report"). The Staffing Report shall include the names and specific functions performed by the applicable ESBA personnel. All staffing shall be subject to review by the Court in the event an objection is filed.

   d.   The Debtor is permitted to indemnify those persons serving as executive

officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D & O policy.

e.  ESBA shall disclose any and all facts that may have a bearing on whether ESBA, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.  The obligation to disclose identified in this subparagraph is a continuing obligation.

f.  No principal, employee, or independent contractor of ESBA and its affiliates shall serve as a director of any of the above-captioned Debtor during the pendency of the above-captioned case.

g.  ESBA shall not be required to submit fee applications pursuant to Bankruptcy Code sections 330 and 331, but instead shall file with the Court, and  provide notice to the United States Trustee and all official committees regarding, the Staffing Reports.  The Staffing Reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the Staffing Reports, (ii) contain detailed time entries describing the task(s) performed on a daily basis and the corresponding charge (time multiplied by the hourly rate) and (iii) be organized by project category. In addition, the report shall include a summary of hours for each person as well as a general statement regarding ESBA's personnel's overall scope of services. All compensation shall be subject to review by the Court in the event an objection is filed.

h.  For a period of three years after the conclusion of the engagement, neither ESBA nor any of its affiliates shall make any investments in the Debtor or the reorganized Debtor.

i.  Notwithstanding anything to the contrary contained in the Application, Engagement Letter or any exhibits thereto, ESBA shall not assign any tasks for which ESBA seeks compensation hereunder to any person or entity other than employees of ESBA or its affiliates.

j.  Success fees, incentive compensation, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order.  No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

3

k.  Except as provided in subparagraph (d) immediately above, there shall be no indemnification of ESBA or its affiliates during these chapter 11 cases.

3.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.

4.      ESBA will not seek payment of its fees and expenses from the Debtor's estate; however, ESBA reserves the right to apply to this Court and seek payment of fees and expenses from the Debtor's estate at a future time.

5.      The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

6.      Notwithstanding any provision to the contrary in the Application or the Engagement Letter, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this order.

7.      To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

Dated:_____, 2014
        Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

4