IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ACG Credit Company II, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 14-11500 (KJC) <br><br> Hearing Date: Aug. 27, 2014 at 1:00 p.m. <br> Obj. Deadline: Aug. 19, 2014 at 4:00 p.m. <br> Related to Docket No. 98 |

### OBJECTION OF THE SAGECREST LIQUIDATING TRUST TO THE DEBTOR'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

John D. Huber, as Trustee of the SageCrest Liquidating Trust ("SageCrest"),[1] by and through his undersigned counsel, submits this objection (the "Objection") to the motion (the "Motion") by ACG Credit Company II, LLC (the "Debtor") for entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establishing procedures for the interim compensation and reimbursement of expenses of professionals during this case.

After receipt of the Debtor's Motion, counsel for SageCrest proposed a handful of changes to the form of order that the Debtor submitted as Exhibit A to the Motion (the "Proposed

---

[1] SageCrest is the successor-in-interest to SageCrest II, LLC, a former lender of the Debtor. Upon SageCrest II, LLC's own bankruptcy and reorganization, all of the assets of SageCrest II, LLC (and others) were assigned to the SageCrest Liquidating Trust in accordance with the terms of a Plan of Reorganization. As used herein, the term "SageCrest" includes Mr. Huber in his capacity as Trustee, the SageCrest Liquidating Trust, and SageCrest II, LLC.

-2-

Order"). The Debtor accepted all of SageCrest's changes to the Proposed Order except for the following language (the "Proposed Language"):

> Each monthly operating report filed by the Debtor shall state how much has been paid to each Professional on behalf of the Debtor and what entity or third-party paid each Professional on behalf of the Debtor. Each Professional shall be responsible for ensuring the accuracy of those statements and shall ensure that a notice or other document is filed on the docket in this case within 10 calendar days of the filing of any erroneous monthly operating report correcting the error.

SageCrest requested that the Debtor include the Proposed Language at the end of paragraph 3(a) of the Proposed Order. SageCrest believes that such a provision is appropriate and consistent with the critical requirement embodied in the Bankruptcy Code and Rules that a debtor provide full disclosure and transparency regarding the payment of professionals throughout its bankruptcy case. Accordingly, SageCrest respectfully requests that such language be included in any order entered by this Court in connection with the Motion.

## CONCLUSION

WHEREFORE, SageCrest respectfully objects to the Debtor's Motion to the extent any order approving it does not include the Proposed Language and the other changes the Debtor has already agreed to include.

Dated: August 19, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:  /s/ J. Kate Stickles
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: 302-652-3131
Facsimile:  302-652-3117

Laurence May
900 Third Avenue – 16th Floor
New York, NY  10022
Telephone:  212-752-8000
Facsimile:  212-752-8393

- and –

SHEPPARD MULLIN
RICHTER & HAMPTON LLP
Craig A. Wolfe
Robert S. Friedman
Mark E. McGrath
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212-653-8700
Facsimile:  212-653-8701

Counsel for SageCrest