## IN THE UNITED STATES BANKUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ACG CREDIT COMPANY II, LLC,[1] | ) | Case No. 14-11500 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTOR'S PLAN OF REORGANIZATION

**GELLERT SCALI BUSENKELL & BROWN**
Michael Busenkell (No. 3933)
Brya M. Keilson (No. 4643)
913 N. Market Street, 10th Floor
Wilmington, Delaware 19801
Tel: (302) 426-5800

-and-

**DUFFYAMEDEO LLP**
Todd E. Duffy
Douglas A. Amedeo
275 Seventh Avenue, 7th Fl
New York, New York 10010
Tel: (212) 729-5832

*Counsel to the Debtor and Debtor in Possession*

---

[1] The last four digits of the Debtor's federal tax identification number are 7139.

## <u>TABLE OF CONTENTS</u>

ARTICLE  I. DEFINITIONS ...................................................................................................1

ARTICLE  II. CLASSIFICATION OF CLAIMS AND INTERESTS...........................................9

ARTICLE  III. TREATMENT OF UNCLASSIFIED CLAIMS...................................................10

ARTICLE  IV. TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS........................10

ARTICLE  V. ACCEPTANCE OR REJECTION OF THE PLAN ..............................................11

ARTICLE  VI. MEANS FOR IMPLEMENTATION OF THE PLAN ........................................12

ARTICLE  VII. PROVISIONS GOVERNING DISTRIBUTIONS GENERALLY.....................14

ARTICLE  VIII. CONDITIONS PRECEDENT ..........................................................................17

ARTICLE  IX. EFFECTS OF CONFIRMATION ........................................................................18

ARTICLE  X. RETENTION OF JURISDICTION .......................................................................19

ARTICLE  XI. MISCELLANEOUS PROVISIONS......................................................................20

ARTICLE  XII. MODIFICATION OF THE PLAN ......................................................................24

**INTRODUCTION**

ACG Credit Company II, LLC, as debtor and debtor-in-possession ("Debtor"), pursuant to the provisions of chapter 11 of the Bankruptcy Code, submits this Plan of Reorganization for the resolution of its outstanding Claims and Interests (as those terms are defined herein). For a discussion of the Debtor's history, business, historic operations, risk factors associated with this Plan and for a summary and analysis of this Plan and related matters, reference is made to the Disclosure Statement that is being distributed herewith. All Holders of Allowed Claims and Interests who are impaired and entitled to vote are encouraged to read this Plan and the Disclosure Statement before voting to accept or reject this Plan. All Holders of other Claims and Interests are encouraged to read this Plan and Disclosure Statement, as well. In the event of any inconsistencies between this Plan and Disclosure Statement, the terms of this Plan shall control.

The Plan is a culmination of events, and effectuates an orderly reorganization of the Debtor's business. Upon the Effective Date, an administrative trust agreement will be established, from which Holders of Allowed Claims will be paid. The Debtor believes this Plan represents the best possible return for Holders of Claims. The treatment in this Plan is in full and complete satisfaction of all of the legal, contractual, and equitable rights that each Holder of an Allowed Claim or Interest may have in or against the Debtor or its property, including the Connecticut Litigation, as that term is defined herein. This treatment supersedes and replaces any agreements or rights those Holders have in or against the Debtor or its property. All distributions under the Plan will be tendered to the Person holding the Allowed Claim. **Except as specifically set forth in this Plan, no distributions will be made and no rights will be retained on account of any claim against the Debtor that is not an Allowed Claim against the Debtor.**

Subject to the restrictions on modification set forth in section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019 and the provisions of this Plan, the Debtor expressly reserves its rights to alter, amend or modify this Plan as needed, before its substantial consummation.

**ARTICLE I.**
**DEFINITIONS**

Unless otherwise provided in this Plan, all terms used herein shall have the meanings assigned to such terms in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). For the purposes of this Plan, the following terms (which appear in the Plan in capitalized forms) shall have the meanings set forth below, and such meanings shall be equally applicable to the singular and to the plural form of the terms defined, unless the context otherwise requires.

1.1 **"Administrative Claim"** shall mean, and be the collective reference to, all costs and expenses of administration of this case with priority under section 507(a)(1) of the Bankruptcy Code, including, without limitation, costs and expenses allowed under section 503(b) of the Bankruptcy Code, the actual and necessary costs and expenses of preserving the Estate of the Debtor, any Professional Fee Claim and any fees or charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930.

**1.2** **"Administrative Claim Bar Date"** shall mean the deadline, established by the Bankruptcy Court in the Confirmation Order, for the Holders of Administrative Claims (except for Professional Fee Claims) to File requests for payment of Administrative Claims.

**1.3** **"Administrative Trust"** shall mean the administrative trust proposed under this Plan, to be funded on the Effective Date by the Debtor's assets, transferred interests, and the Letter of Credit and administered by the Administrative Trustee for the purpose of satisfying all Allowed Claims and costs, as set forth in section 6.2 herein.

**1.4** "**Administrative Trust Agreement"** shall mean that certain agreement that shall be a Plan Document, governing the Administrative Trust, and will be filed as part of the Plan Supplement and which is incorporated into this Plan by this reference thereto, and the terms of the Administrative Trust Agreement shall control in the event of any inconsistency between the terms of this Plan and the terms of the Administrative Trust Agreement.

**1.5** **"Administrative Trustee"** shall mean the fiduciary responsible for implementing and administering the Administrative Trust in accordance with the Administrative Trust Agreement.  On the Effective Date, the Administrative Trustee shall be Robert Agarwal  or such other Person who shall be identified in a notice filed with the Court on or before the Confirmation Date.

**1.6** **"Allowed"** shall mean (a) when used with respect to an Administrative Expense Claim, all or any portion of such a Claim that was incurred by the Debtor in the ordinary course of business during the Bankruptcy Case, and as to which there is no dispute as to the Debtor's liability, or that has been allowed or adjudicated in favor of the Holder by estimation or liquidation by a Final Order; or (b) when used with respect to a Claim other than an Administrative Expense Claim, such Claim or any portion thereof (i) that has been allowed or adjudicated in favor of the Holder by estimation or liquidation in a Final Order; or (ii) as to which (a) no Proof of Claim has been Filed or (b) a Proof of Claim has been Filed in an unliquidated amount and the liquidated and non-contingent amount of which is included in the Schedules, other than a Claim that is included in the Schedules at zero, in an unknown amount, or as Disputed; or (iii) for which a Proof of Claim in a liquidated amount has been timely Filed; or (iv) that is expressly allowed in a liquidated amount in the Plan.  A Claim shall be Allowed only if (a) no objection to the allowance thereof has been Filed within the applicable period of time fixed by the Plan or the Bankruptcy Court or (b) if an objection is so Filed, such objection has been settled or withdrawn or the Claim or Interest has been Allowed by a Final Order (but only if such allowance was not solely for the purpose of voting to accept or reject the Plan).  No Claim or Interest shall be Allowed to the extent that the Holder thereof either possesses property recoverable by the Estate under sections 542, 543, 550, or 553 of the Bankruptcy Code or is the transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code until such time as such Holder has paid the amount or turned over any such property for which the Holder is liable.  Except as otherwise specified in the Plan or a Final Order, the amount of an Allowed Claim shall not include interest on such Claim from and after the Petition Date. Nothing in this Plan shall prejudice the ability of the Debtor or the Administrative Trustee to object to any Claim.

**1.7** **"Allowed [Class Designation] Claim"** shall mean an Allowed Claim in the specified Class.

**1.8**        **"Allowed Priority Claim"** shall mean that portion of an Allowed Claim which is entitled to priority under section 507(a)(8) of the Bankruptcy Code.

**1.9**        **"Assets"** shall mean all of the rights, title, and interests of the Debtor in and to property of any type or nature (real, personal, intangible, and mixed), known and unknown, including property of the Estate as such property is defined in section 541 of the Bankruptcy Code, as well as all property and Cash in the Debtor's possession, custody, or control on the Effective Date, including without limitation Claims, Causes of Action, including Avoidance Actions, and the proceeds thereof, and Insurance Policies and the proceeds thereof.

**1.10**        **"Avoidance Action(s)"** shall mean all claims and causes of action arising under Chapter 5 of the Bankruptcy Code and any fraudulent conveyance or transfer actions to be brought under state or federal law.

**1.11**        **"Bankruptcy Case"** shall mean the case commenced by the filing the Debtor's voluntary petition under Chapter 11 of the Bankruptcy Code on June 17, 2014.

**1.12**        **"Bankruptcy Code"** shall mean title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as now in effect or hereafter amended.

**1.13**        **"Bankruptcy Court"** shall mean the United States District Court for the District of Delaware with jurisdiction over the Debtor's Bankruptcy Case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of Delaware, or any court having competent jurisdiction to enter the Confirmation Order.

**1.14**        **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure, the Official Bankruptcy Forms, the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, as applicable to the Case or proceedings therein, as the case may be.

**1.15**        **"Bar Date"** shall mean the date fixed as the deadline for filing Claims pursuant to the Bar Date Order.

**1.16**        **"Bar Date Order"** shall mean any order of the Bankruptcy Court establishing a deadline for filing proofs of claim and approving the form and manner of notice thereof.

**1.17**        **"Business Day"** shall mean any day, excluding Saturdays, Sundays, or "legal holidays" (as referenced in Bankruptcy Rule 9006(a)), on which commercial banks are open for business in Wilmington, Delaware.

**1.18**        **"Cash"** shall mean legal tender of the United States of America and equivalents thereof.

**1.19**        **"Cause of Action"** or **"Causes of Action"** shall mean all claims, causes of action, third-party claims, counterclaims and cross-claims of any kind or nature (including but not limited to any Causes of Action described in the Disclosure Statement) against any entity based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct,

indirect, derivative or otherwise, and whether asserted or unasserted as of the date of entry of the Confirmation Order, inclusive of Avoidance Actions.

      **1.20**      **"Claim Objection Deadline"** means the date that is the later of (i) ninety (90) days after the Effective Date, or (ii) ninety (90) days after a Proof of Claim or request for payment with respect to a Claim is filed, unless the objection deadline is extended by order of the Bankruptcy Court upon the filing of a motion.

      **1.21**      **"Claims"** shall mean a claim against a Debtor as defined by section 101(5) of the Bankruptcy Code.

      **1.22**      **"Class"** shall mean any category of Holders of Claims as specified in Article II of the Plan.

      **1.23**      **"Confirmation Date"** shall mean the date on which the Confirmation Order is entered by the Bankruptcy Court.

      **1.24**      **"Confirmation Hearing"** shall mean the hearing, and any subsequent hearing, at which the Bankruptcy Court considers confirmation of the Plan.

      **1.25**      **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming the Plan, pursuant to section 1129 of the Bankruptcy Code, and approving the transactions contemplated herein.

      **1.26**      **"Connecticut Litigation"** shall mean that certain litigation consolidated in the District Court of Connecticut and captioned *SageCrest II, LLC v. ACG Credit Company II, LLC et al,* 3:13-cv-973 (SRU) and *SageCrest II, LLC v. Ian S. Peck, et al,* 3:13-cv-974 (SRU) - pending as of the date of this Plan.

      **1.27**      **"Creditor"** shall mean a Holder of a Claim against the Debtor.

      **1.28**      **"Debtor"** shall mean ACG Credit Company II, LLC, as debtor and debtor-in-possession.

      **1.29**      **"Disclosure Statement"** shall mean the written Disclosure Statement for this Plan of Reorganization approved in accordance with section 1125 of the Bankruptcy Code and Rule 3018 of the Bankruptcy Rules.

      **1.30**      **"Disclosure Statement Order"** shall mean the Order Approving the Disclosure Statement entered by the Bankruptcy Court.

      **1.31**      **"Disputed"** shall mean, with respect to any Claim that has not been Allowed by a Final Order, as to which the Debtor or Administrative Trustee have timely Filed a Claim Objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, or any Claim otherwise challenged by the Debtor or Administrative Trustee in the Bankruptcy Court in accordance with applicable law.

**1.32** **"Distribution"** shall mean a payment of Cash required under this Plan, including the Administrative Trust Agreement, to be distributed to the Holders of Allowed Claims.

**1.33** **"Effective Date"** shall mean the first Business Day on which all conditions precedent to the effectiveness of the Plan have been satisfied or waived as provided in this Plan, unless extended by the Debtor upon notice.

**1.34** **"Estate"** shall mean the Estate of the Debtor created by section 541 of the Bankruptcy Code upon the commencement of the Bankruptcy Case.

**1.35** **"Executory Contract/Unexpired Lease"** shall mean any executory contract or unexpired lease between the Debtor and any other Person.

**1.36** **"Filed"** shall mean filed with the clerk of the Bankruptcy Court in the Bankruptcy Case.

**1.37** **"Final Decree"** shall mean the decree contemplated under Bankruptcy Rule 3022.

**1.38** "**Final Order**" shall mean an order entered by the Bankruptcy Court or other court of competent jurisdiction on its docket as to which (i) the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing are then pending or (ii) in the event that an appeal, *writ of certiorari*, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court or any other court or adjudicative body has been affirmed by the highest court to which such order was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing has expired; provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, Rule 9024 of the Bankruptcy Rules, or any similar rule under the Bankruptcy Rules or the Federal Rules of Civil Procedure may be filed with respect to such order.

**1.39** **"General Unsecured Claim"** means any Claim against the Debtor, other than a Secured Claim, an Administrative Expense Claim, a Professional Fee Claim, a Priority Tax Claim, or a Priority Claim.

**1.40** **"Holder"** shall mean the owner or holder of any Claim or Interest.

**1.41** **"Impaired"** shall have the meaning set forth in section 1124 of the Bankruptcy Code.

**1.42** **"Initial Trust Expense Funding"** shall mean six (6) months of projected expenses of the Administrative Trust as determined by the Administrative Trustee, and which shall be funded by Cash drawn from the Letter of Credit.

**1.43** **"Insider"** shall have the meaning assigned to such term in section 101(31) of the Bankruptcy Code.

**1.44** **"Insurance Policy"** shall mean any contract of or other rights to insurance under which the Debtor has, may have or assert any direct rights as an insured party, additional named insured party, loss payee, or otherwise.

**1.45** **"Interest"** shall mean the legal, equitable, contractual, or other rights of a Holder of any existing or prospective equity interest in the Debtor (solely in their capacity as Holders thereof), including the rights of any Person to purchase or demand the issuance of any Interest, including (i) conversion, exchange, voting, participation, and dividend rights; (ii) liquidation preferences; (iii) stock options, warrants, and put rights; and (iv) share-appreciation rights; or (v) any other stock, membership, or other equity right pertaining or in any way relating to the Debtor.

**1.46** **"Letter of Credit"** shall mean the letter of credit that shall serve as a guarantee of funding the Administrative Trust in an amount necessary such that all Holders of Administrative Claims and Allowed Class 1, 2, 3 and 4 Claims receive distribution in the full amount of such Allowed Claim, and all Administrative Trust costs and United States Trustee fees are paid, and such Letter of Credit shall be secured as a condition of the Effective Date. Such Letter of Credit is separate and distinct from any letter of credit secured to pay professional fees and any fees incurred by professionals retained under section 363 of the Bankruptcy Code prior to confirmation of this Plan.

**1.47** **"Lien"** shall have the meaning set forth in section 101(37) of the Bankruptcy Code.

**1.48** **"Objection Deadline"** shall mean the date established by the Bankruptcy Court in the Disclosure Statement Order for parties in interest to file objections to confirmation of the Plan.

**1.49** **"Person"** shall mean any individual, corporation, limited liability company, professional corporation, general partnership, limited partnership, limited liability partnership, association, Joint Stock Company, joint venture, Estate, trust, unincorporated organization, government or any political subdivision thereof or other entity.

**1.50** **"Petition Date"** shall mean June 17, 2014, the date on which the Debtor filed the Bankruptcy Case.

**1.51** **"Plan"** shall mean this *Plan of Reorganization* and any exhibits hereto and any documents incorporated herein by reference as such Plan or such exhibits may be amended, modified, or supplemented from time to time.

**1.52** **"Plan Document"** shall mean (a) those documents that will be included in the Plan Supplement, including the Administrative Trust Agreement (and schedules and exhibits thereto) and any other related documents, which are deemed incorporated into the Plan as if fully set forth herein; and (b) the Trust Beneficiary Register.

**1.53** **"Plan Supplement"** shall mean the supplement or supplements to this Plan containing certain documents relevant to the implementation of this Plan, including the Plan

Documents, to be filed no less than ten (10) calendar days before the deadline for voting to accept or reject this Plan.

   **1.54**   **"Priority Claim"** shall mean all Claims that are entitled to priority pursuant to section 507 of the Bankruptcy Code and that are not Administrative Claims or Priority Tax Claims.

   **1.55**   **"Priority Tax Claim"** shall mean a Claim of the kind specified in section 507(a)(8) of the Bankruptcy Code.

   **1.56**   **"Professional"** shall mean a Person (a) employed by the Debtor, and/or any official committee formed pursuant to a Final Order in accordance with sections 327, 328 and/or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to sections 327, 328, 329, 330, and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement has been Allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code by a Final Order.

   **1.57**   **"Professional Fee Claim"** shall mean all Claims for fees and expenses asserted by Professionals retained by the Debtor under sections 330 and 331 of the Bankruptcy Code and which remains unpaid as of the Effective Date.

   **1.58**   **"Proof of Claim"** shall mean a written statement that (i) sets forth a Claim and (ii) conforms substantially to the Bankruptcy Rules and the Bar Date Order.

   **1.59**   **"Pro Rata"** shall mean at any time, a proportion calculated as a ratio of the amount of an Allowed Claim in a Class to (i) the amount of all Allowed Claims in such Class of Claims or (ii) prior to allowance or disallowance of Claims in a Class, the sum of all Allowed Claims and Disputed Claims in such Class.  For purposes of this calculation, the amount of a Disputed Claim will equal the lesser of (x) its face amount and (y) the amount estimated as Allowed.

   **1.60**   "**Record Date**" shall mean the date the Disclosure Statement Order was entered by the Bankruptcy Court.

   **1.61**   "**Releasees**" shall mean the Debtor and its affiliates, current and former officers, directors, members, managers, partners, employees, attorneys and advisors.

   **1.62**   **"Schedules"** shall mean the Statement of Financial Affairs and Schedules of Assets and Liabilities, as same may be amended from time to time, Filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007.

   **1.63**   **"Secured Claim"** shall mean a Claim that is (i) secured by a Lien on Assets, which Lien is valid, perfected and enforceable under applicable law by reason of a Final Order, limited to the extent of the Lien on such Assets; or (ii) subject to setoff, under section 553 of the Bankruptcy Code, against any Assets, to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (iii) Allowed under the Plan as a Secured Claim.

**1.64** "**Solicitation Procedure Order**" shall mean that certain final order approving the procedures by which the Debtor shall distribute the Disclosure Statement and other solicitation voting materials.

**1.65** "**Trust Assets**" shall mean any property of the Administrative Trust to be contributed, transferred, assigned and conveyed to the Administrative Trust, and when and to the extent transferred, assigned, conveyed and delivered to the Administrative Trust as provided for in the Administrative Trust Agreement, and shall also include the right to receive all right, title and interest in and to the beneficial interests in, to and under any Plan Document that provides a benefit to the Administrative Trust or the Trust Beneficiaries, all as provided for in the Administrative Trust Agreement.

**1.66** "**Trust Beneficiaries**" or "**Trust Beneficiary**" shall mean the respective Holders of Administrative Claims, allowed Class 1, 2, 3 and 4 Claims and the Office of the United States Trustee, but only to the extent of any unpaid amounts of their respective Allowed Claims.

**1.67** "**Trust Beneficiary Register**" shall mean that certain schedule that the Debtor shall prepare and file subsequent to the deadline for submitting the Ballots and prior to the Conformation Date, and that shall include: (a) the name and address of those Holders of Claims; (b) the amount of each such Claim, and whether as of such date each such Claim is an Allowed Claim or a Disputed Claim; and (c) such other information as the Debtor believes may be reasonably necessary or helpful in order for the Administrative Trustee to be able to issue Distributions to the Holders of Allowed Claims and holders of such other claims to be paid from the Administrative Trust; provided, however, that such Trust Beneficiary Register may be revised from time to time by the Administrative Trustee, without the need to file such revised Trust Beneficiary Register, to reflect the allowance, disallowance or other adjustments of the Claims as may be provided for under subsequent Orders of the Court.  The Administrative Trustee may rely upon the amounts and other information set forth on the Trust Beneficiary Register for the purpose of issuing Distributions or notices, unless such amount is thereafter modified pursuant to an Order of the Court or the contact information or Distribution Address is otherwise revised by agreement between a Trust Beneficiary and the Administrative Trustee, or as otherwise provided in the Administrative Trust Agreement.

**1.68** "**Trust Claim(s)**" shall mean the claims of those parties described in section 1.67.

**1.69** "**Trust Expenses**" shall mean costs and fees associated with administering the Administrative Trust, including compensation to be paid to the Administrative Trustee and the costs associated with the storage, insuring, marketing and shipping of the Trust Assets, as provided for in the Administrative Trust Agreement.

**1.70** "**Trust Expense Reserve**" shall mean a reserve that will initially be part of the Initial Trust Expense Funding, consisting of Cash to be contributed through the Letter of Credit that shall be maintained by the Administrative Trustee, and which in the discretion of the Administrative Trustee may be in an interest-bearing account, which Trust Expense Reserve shall at all times contain enough Cash necessary to pay at least the next three (3) months of estimated Trust Expenses.  Such Trust Expense Reserve shall be replenished from the Letter of Credit upon the demand of the Administrative Trustee in the event that the balance of such Trust Expense

Reserve is, at any time, less than the Estimated Trust Expenses for the next six (6) months; provided, however, that at all times the Trust Expense Reserve shall contain enough Cash necessary to pay at least the next three (3) months of estimated Trust Expenses.

        **1.71**        **"U.S. Trustee"** shall mean the United States Trustee for Region 3.

        **1.72**        **"Unimpaired"** shall mean, when used with reference to a Claim or Interest, a Claim or Interest that is not impaired within the meaning of Section 1124 of the Bankruptcy Code.

## ARTICLE II.
## CLASSIFICATION OF CLAIMS AND INTERESTS

        **2.1**        **Classification**.  All Claims and all Interests, as defined herein and in section 101(5) of the Bankruptcy Code, except Administrative Expense Claims, are placed into the Classes set forth below. Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, as described below, are not classified in the Plan.  A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and is classified in other Classes to the extent that any portion of such Claim or Interest falls within the description of such other Classes.  A Claim or Interest is also placed in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim or Interest in that Class and such Claim or Interest has not been paid, discharged, released or otherwise settled prior to the Effective Date.

        **2.2**        **Unclassified Claims**.  Unclassified Claims are not impaired by the Plan. Each Holder of an Unclassified Claim is conclusively presumed to have accepted the Plan and, therefore, is not entitled to vote to accept or reject the Plan.  Unclassified Claims consist of Administrative Expense Claims.

        **2.3**        **Class 1 - Priority Tax Claims.**  Class 1 consists of Priority Tax Claims. The claims held by Holders in Class 1 are Unimpaired.  The Holders of Claims in Class 1 will receive the full amount of their Allowed Claims and are deemed to have accepted the Plan. Accordingly, Class 1 is not entitled to vote to accept or reject the Plan.

        **2.4**        **Class 2 - Secured Claims.**  Class 2 consists of Secured Claims.  The claims held by Holders in Class 2 are Unimpaired.  The Holders of Claims in Class 2 will receive the full amount of their Allowed Claims and are deemed to have accepted the Plan.  Accordingly, Class 2 is not entitled to vote to accept or reject the Plan.

        **2.5**        **Class 3 - General Unsecured Claims.**  Class 3 consists of General Unsecured Claims.  The claims held by Holders in Class 3 are Unimpaired.  The Holders of Claims in Class 3 will receive the full amount of their Allowed Claims and are deemed to have accepted the Plan.  Accordingly, Class 3 is not entitled to vote to accept or reject the Plan.

        **2.6**        **Class 4 - Interests**.  Class 4 consists of all Interests in the Debtor. The Claims held by Holders of Class 4 Interests are Unimpaired under the Plan.  The Holders of Claims in Class 4 will have retained their Interests and are deemed to have accepted the Plan.  Accordingly, Class 4 is not entitled to vote to accept or reject the Plan.

## ARTICLE III.
## TREATMENT OF UNCLASSIFIED CLAIMS

**3.1** **Administrative Claims (Other Than Professional Fee Claims).** Except to the extent that a holder of an Allowed Administrative Expense Claim agrees to a different treatment, the Administrative Trust shall pay the Allowed Administrative Expense Claim Cash in an amount equal to such Claim on the Effective Date.

**3.2** **U.S. Trustee Fees**. All outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930, including any interest due under 31 U.S.C. § 3717, that have not been paid shall be paid no later than thirty (30) days after the Effective Date or when such U.S. Trustee Fees come due in the ordinary course.

**3.3** **Professional Fee Claims.** All Professionals requesting compensation or reimbursement of expenses pursuant to Bankruptcy Code §§ 327, 328, 330, 331 or 503(b) for services rendered prior to the Effective Date must file and serve pursuant to the Bankruptcy Code and applicable rules, an application for final allowance of compensation and reimbursement of expenses no later than forty-five (45) days after the Effective Date or be forever barred from asserting such claims against the Bankruptcy Estate or the Debtor and its respective successors and/or assigns. Professional Fees with respect to which a fee application is properly filed shall be Allowed Professional Fees only to the extent allowed by Final Order of the Bankruptcy Court. Only allowed Professional Fees shall be paid pursuant to the Plan. Any objection to Professional Fees shall be filed on or before the date specified in the application for Final Compensation. The Administrative Trustee shall pay holders of Allowed Professional Fee Claims, in Cash from the Administrative Trust, in the amount awarded to such Professionals by Final Order of the Bankruptcy Court, as soon as practicable after the Effective Date or the date upon which any order awarding such fees and expenses becomes a Final Order, in accordance with the terms of any Order entered by the Bankruptcy Court governing the payment of fees and expenses during the course of the Bankruptcy Case, and after application of any retainer received by the Professionals.

## ARTICLE IV.
## TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**4.1** **Summary.** The classifications of Claims and Equity Interests in this Article IV shall apply for all purposes, including voting, confirmation, and distribution pursuant to the Plan, pursuant to Bankruptcy Code §§ 1122 and 1123(a)(1). A Claim or Equity Interest shall be deemed classified in a particular Class only to the extent that: (i) the Claim or Equity Interest qualifies within the description of that Class (and shall be deemed classified in a different Class to the extent that any portion of such Claim or Equity Interest qualifies within the description of such different Class), (ii) the Claim or Equity Interest is Allowed as of the Effective Date, and (iii) the Claim or Equity Interest has not been paid or otherwise satisfied prior to the Effective Date.

**4.2** **Classification.** The Claims and Equity Interests against the Debtor are classified as follows:

**(a)** Class 1:     Priority Tax Claims

**(b)** Class 2:     Secured Claims

    **(c)**     Class 3:      General Unsecured Claims

    **(d)**     Class 4:      Interests

**4.3**      **Class 1 (Priority Tax Claims)**.  Priority Tax Claims are Unimpaired. Each Holder of an Allowed Priority Tax Claim shall receive, at the option of the Administrative Trustee, in full satisfaction, settlement, release, extinguishment and discharge of such Priority Tax Claim: (a) the amount of such unpaid Allowed Priority Tax Claim in Cash on or as soon as reasonably practicable after the later of (i) the Effective Date, and (ii) the date on which such Priority Tax Claim becomes Allowed; or (b) such other treatment on such other terms and conditions as may be agreed upon in writing by the Holder of such Priority Tax Claim and the Debtor, or as the Bankruptcy Court may order. Prior to the Effective Date, the Debtor, by mutual agreement, shall have the right to prepay at any time, in whole or in part, any Allowed Priority Tax Claim without premium or penalty of any sort or nature.

**4.4**      **Class 2 (Secured Claims)**.  Class 2 Secured Claims are Unimpaired. Each Holder of an Allowed Class 2 Secured Claim shall receive, in the discretion of the Administrative Trustee, as the case may be, in full satisfaction, settlement, release, extinguishment and discharge of such Claim: (a) Cash equal to the amount of such Allowed Secured Claim on or as soon as practicable after the later of (i) the Effective Date, (ii) the date that such Secured Claim becomes Allowed, or (iii) a date agreed to by the Administrative Trustee, by mutual agreement and the Holder of such Class 2 Secured Claim; (b) Reinstatement of such Allowed Secured Claim; (c) the Property securing such Secured Claim; or (d) such other treatment on such other terms and conditions as may be agreed upon in writing by the Holder of such Claim and the Debtor, by mutual agreement, or the Administrative Trustee, as the case may be.

**4.5**      **Class 3 (Allowed General Unsecured Claims)**.  Class 3 is Unimpaired and not entitled to vote on this Plan.  Class 3 consists of General Unsecured Claims.  The holders of Class 3 Claims shall be Trust Beneficiaries under the Administrative Trust Agreement.  Unless a Holder of an Allowed Claim in Class 3 has been paid by the Debtor prior to the Effective Date or agrees to a less favorable treatment, each Holder of an Allowed Claim in Class 3 shall receive an amount, in Cash, equal to the Allowed amount of such Claims in accordance with the Administrative Trust Agreement and the Trust Beneficiary Register.

**4.6**      **Class 4 (Interests)**.  Class 4 consists of all Interests in the Debtor.  Holders of Class 4 Interests will retain such Interests in the Debtor.

## ARTICLE V.
## ACCEPTANCE OR REJECTION OF THE PLAN

**5.1**      **Classes Entitled to Vote.**  Classes 1, 2, 3 and 4 are unimpaired and are conclusively deemed to have accepted the Plan and are not entitled to vote.

**5.2**      **Cramdown**.  If there is an Impaired Class of Claims and such class does not accept the Plan, the Debtor requests Confirmation of the Plan under section 1129(b) of the Bankruptcy Code.  The Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification or for any other reason in their discretion.

## ARTICLE VI.
## MEANS FOR IMPLEMENTATION OF THE PLAN

6.1        **Vesting of Assets in Administrative Trust**.  On the Effective Date, all of the Debtor's assets shall be put into the Administrative Trust.

6.2        **Administrative Trust.**  On the Effective Date, an Administrative Trust shall be formed.  The Administrative Trust shall be established to receive on the Effective Date (a) any assets of the Debtor not otherwise required to be paid to a holder of a secured claim, (b) any and all interests of ACG Finance Company, LLC and Fine Art Finance, LLC in the loans securing the obligations of the Debtor to SageCrest II, LLC, collateral securing such loans, and any and all rights against SageCrest II, LLC, and (c) Cash, which shall be sufficient Cash to pay all Allowed Claims, including Administrative Claims, costs associated with the Administrative Trust, and United States Trustee fees, in full.  As of the Effective Date, the Debtor's Estate shall transfer, and shall be deemed to have irrevocably transferred to the Administrative Trust, for and on behalf of the Trust Beneficiaries, with no reversionary interest in the Debtor, the Debtor's Assets.  Upon such transfer, the Debtor and the Debtor's Estate shall have no other further rights or obligations with respect thereto.  In addition, on the Effective Date, any and all interests of ACG Finance Company, LLC and Fine Art Finance, LLC in the loans securing the obligations of the Debtor to SageCrest II, LLC, collateral securing such loans, and any and all rights against SageCrest II, LLC shall be transferred to the Administrative Trust.  The Administrative Trust shall be established for the purpose of liquidating the assets transferred to it, but with no objective to continue or engage in the conduct of a trade or business.  The purposes of the Administrative Trust shall include (a) liquidating and distributing the funds therein pursuant to the terms of this Plan; (b) satisfying its obligations under the Administrative Trust Agreement; (c) filing appropriate tax returns in accordance with the Administrative Trust Agreement; (d) investigating, and if appropriate, pursuing any claims of the Debtor; (e) administering the Administrative Trust assets; (e) resolving all Disputed Claims, including objecting, prosecuting, settling and compromising in any manner approved by the Bankruptcy Court, except that the Administrative Trustee may settle or compromise any Disputed Claim without Bankruptcy Court Approval so long as the amount being resolved is less than $250,000; and (f) making all distributions to the Trust Beneficiaries from the Administrative Trust as provided for in the Plan and the Administrative Trust Agreement.  The Administrative Trust shall qualify as a trust as described in Treasury Regulation section 301.7701-4(d) and shall be treated as a grantor trust for United States federal income tax purposes.

6.3        **Powers and Duties of Administrative Trustee.**  The Administrative Trustee shall administer the Administrative Trust and its assets in accordance with this Plan, the Administrative Trust Agreement, and the other Administrative Trust Documents and shall be responsible for, among other things, making distributions required under this Plan. Following the transfer of the Debtor's Assets to the Administrative Trust, the Administrative Trustee shall succeed to all of the Debtor's right, title and interest in and to the Debtor's Assets, and the Debtor, as grantor, shall have no interest in, or with respect to, the Debtor's Assets or the Administrative Trust.  From and after the Effective Date and continuing through the date of entry of a Final Decree, the Administrative Trustee shall: (a) have and be entitled to exercise all rights and powers of the Debtor and the Estate, including but not limited to those provided for in the Bankruptcy Code, including section 1107 thereof; (b) possess all rights and powers granted in the Administrative Trust Agreement, including the authority to direct the affairs of the Debtor; (c) possess the rights

of a party in interest pursuant to section 1109(b) of the Bankruptcy Code for all matters arising in, arising under, or related to the Chapter 11 Case and, in connection therewith, shall (i) have the right to appear and be heard on matters brought before the Bankruptcy Court or other courts, (ii) be entitled to notice and opportunity for hearing on all such issues, (iii) participate in all matters brought before the Bankruptcy Court, and (iv) receive notice of all applications, motions, and other papers and pleadings Filed in the Bankruptcy Court; (d) have the authority to act as and for and on behalf of the Debtor in all adversary proceedings and contested matters pending in the Bankruptcy Court and in all actions and proceedings pending elsewhere; (e) have the right to object to Claims; and (f) have the authority to retain such personnel or professionals (including, without limitation, legal counsel, financial advisors or other agents) as it deems appropriate and compensate such personnel and professionals as it deems appropriate, all without prior notice to or approval of the Bankruptcy Court.  Professionals and personnel retained or employed by the Administrative Trust or the Administrative Trustee need not be disinterested as that term is defined in the Bankruptcy Code.

   **6.4**  **Interests in the Administrative Trust and Dissolution of the Administrative Trust.**  Interests in the Administrative Trust shall be uncertified and shall be non-transferable except upon death of the interest holder or by operation of law.  Holders of interests in the Administrative Trust shall have no voting rights with respect to such interests. The Administrative Trustee shall seek authority from the Bankruptcy Court to dissolve the Administrative Trust as soon as practicable after the final distribution to the Trust Beneficiaries is made.

   **6.5**  **Sources of Cash**. All Cash necessary for the funding of the Administrative Trust in a sufficient amount to pay all Allowed Claims, including Administrative Claims, Administrative Trust costs, and fees of the United States Trustee in full shall be available through a Letter of Credit under the terms provided for in the Letter of Credit Agreement to the extent such cash is necessary to pay all creditors in full the Amount of their Allowed Claim, and pay all Administrative Claims, Administrative Trust costs and fees of the United States Trustee in full.

   **6.6**  **Director/Officers/Equity/Assets of the Debtor on the Effective Date.**  On the Effective Date, the authority, power and incumbency of the persons then acting as directors and officers of the Debtor shall remain in place.

   **6.7**  **Administrative Trust Liquidation.**  No later than five (5) years after the Effective Date, or upon the occurrence of the final distribution to the Trust Beneficiaries, whichever is sooner, the Administrative Trustee shall (a) return any and all funds remaining in the Administrative Trust to the holders of Equity claims; and (b) complete and file any necessary federal, state and local tax returns (excluding returns to be filed by others with respect to the Debtor's operations, such as federal income tax returns) and, with respect to any tax return the Administrative Trustee is required to file, pursuant to section 505(b) of the Bankruptcy Code, request an expedited determination of any unpaid tax liability of the Debtor or its Estate for an tax incurred during the administration of the Debtor's Chapter 11 Case, as determined under applicable tax laws.

   **6.8**  **Terms of Injunctions or Stays.**  Unless otherwise provided under the plan or order of the Bankruptcy Court, all injunctions or stays provided for in the Debtor's Chapter 11

Case pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Chapter 11 Case is closed.

**6.9     Certain Tax Matters Related To The Administrative Trust.**     The transfer of the Debtor's Assets to the Administrative Trust will be treated for federal income tax purposes as a transfer of such assets to the holders of Claims and Interests followed by a transfer by them of such assets to the Administrative Trust.  The holders of Claims and Interests will be treated as the grantors and deemed owners of the Administrative Trust.  The valuations of the transferred assets by the Administrative Trustee and the holders of Claims and Interests shall be consistent and used for all federal income tax purposes.  Depending on the circumstances, a holder of Claims or Interests may recognize taxable income as a result of transfers to the Administrative Trust.

**6.10     Effectuating Documents; Further Transactions**.     The Debtor and Administrative Trustee, and their respective officers and designees, is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan, or to otherwise comply with applicable law.

# ARTICLE VII.
## PROVISIONS GOVERNING DISTRIBUTIONS GENERALLY

**7.1     Administrative Trustee As Disbursing Agent**.     The Administrative Trustee shall be the disbursing agent and shall make all distributions under the Plan.  The Administrative Trustee shall have the authority to manage the day-to-day operations of the Administrative Trust, appearing as a party in interest, calculating distributions, paying taxes and such other matters as more particularly described in Section 6.3 of this Plan and the Administrative Trust Agreement.

**7.2     Timing of Distributions.**  Distributions to be made as of the Effective Date on account of Allowed Claims shall be made on the Effective Date or as soon as reasonably practicable thereafter.  Distributions to be made after the Effective Date shall be made on dates to be established by the Administrative Trustee, taking into account the establishment of reserves for Disputed Claims and the Administrative Trustee's right to defer distributions if the amount of the Cash to be distributed on a particular date is insufficient to justify the costs of effectuating the distribution.

**7.3     Manner of Payment**.  Any payment of Cash under the Plan may be made either by check drawn or by wire transfer from a domestic bank, at the option of the Administrative Trustee.

**7.4     Transmittal Of Distributions To Parties Entitled Thereto**.     All distributions by check shall be deemed made at the time such check is deposited in the United States mail, postage prepaid.  Any distributions by wire transfer shall be deemed made as of the date of the wire transfer is made.  Except as otherwise agreed with the Holder of an Allowed Claim in respect thereof or provided in the Plan, any distribution required under the Plan on account of an Allowed Claim, shall be mailed to (i) the latest mailing address filed for the Holder of an Allowed Claim entitled to a distribution, (ii) the latest mailing address filed for a Holder of a filed

power of attorney designated by the Holder of such Claim to receive distributions, (iii) the latest mailing address filed for the Holder's transferee as identified in a filed notice served on the Debtor pursuant to Bankruptcy Rule 3001(e), or (iv) if no such mailing address has been filed, the mailing address reflected on the Schedules or in the Debtor's books and records.  The Holder of a Claim shall be required to promptly notify the Debtor, the Administrative Trustee and the Court of any change in their mailing address.

**7.5    Distribution of Unclaimed Property**.  Except as otherwise provided in the Plan, any distribution under the Plan which is unclaimed after three (3) months following any distribution date shall be forfeited, and such distribution, together with any interest earned thereon, and shall return to and revest in the Administrative Trust.

**7.6    Saturday, Sunday or Legal Holiday**.  If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the following Business Day, but shall be deemed to have been completed as of the required date.

**7.7    Setoffs and Recoupment**.  Subject to the terms of the Plan and  pursuant to section 553 of the Bankruptcy Code or applicable non-bankruptcy law, the Administrative Trustee may but shall not be required to, setoff against or recoup from any Claim on which payments are to be made pursuant to the Plan, any Claims of any nature whatsoever the Administrative Trustee may have against the Holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim shall constitute a waiver or release by the Administrative Trustee, of any such claims the Administrative Trustee may have against such Claim, whether before or after the entry of the Confirmation Order.

**7.8    Withholding or Other Taxes**.  The Administrative Trustee shall be entitled, but is not directed, to deduct any current federal, state or local withholding or other taxes from any distributions under this Plan.  As a condition to making any distribution under this Plan, all Holders of Allowed Claims shall provide the Administrative Trustee with such Holder's taxpayer identification number and such other information or certification as the Administrative Trustee may deem reasonably necessary to comply with applicable tax reporting and/or withholding laws or regulations.  If a Creditor fails to provide the Administrative Trustee with their taxpayer identification number after a request, the Creditor shall be deemed to have forfeited their right to a distribution under this Plan without further Order of the Bankruptcy Court.

**7.9    Fractional Cents**.  Notwithstanding any other provisions of the Plan to the contrary, no payment of fractional cents will be made under the Plan.  Cash will be issued to Holders entitled to receive a distribution of Cash in whole cents (rounded to the nearest whole cent when and as necessary).

**7.10    Allowance and Disallowance Of Claims**.

**(a)    Allowance of Claims**.  Except as expressly provided in the Plan, no Claims shall be deemed allowed by virtue of the Plan or the Confirmation Order unless and until such Claim is deemed allowed under the Bankruptcy Code, or the Bankruptcy Court enters a Final Order in the Bankruptcy Case allowing such Claim.  Notwithstanding the foregoing, any Claim included in the Debtor's Schedules that is not listed as contingent, unliquidated, and/or disputed

shall be an Allowed Claim. Any Proof of Claim Filed in an unliquidated amount shall be deemed allowed in the amount listed in the Debtor's Schedules as liquidated, not contingent and not disputed. The allowance and disallowance of Claims shall be in all respects subject to the provisions of section 502 of the Bankruptcy Code.

(b) **Disallowance of Claims**. To the extent provided in Section 502(d), all Claims held by Persons against whom the Debtor or Administrative Trustee, as appropriate, have filed or commenced or may in the future file or commence a Claim or Cause of Action under sections 522(f), 522(h), 542, 543, 544, 547, 548, 549, 550, 551, 553 or 724(a) of the Bankruptcy Code shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims may not vote to accept or reject the Plan until such time as such filed or commenced Claims or Causes of Action against the Person have either been: (i) settled and all sums due the Debtor by that Person turned over to the Debtor; or (ii) an order permitting a vote to accept or reject the Plan is entered by the Bankruptcy Court. The Holders of any and all Claims Filed with the Bankruptcy Court after the deadline for the filing of or request for payment on such Claim shall be deemed disallowed without further action by the Debtor and without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not vote to accept or reject the Plan or be entitled to any distribution, unless otherwise allowed by Final Order of the Bankruptcy Court.

### 7.11     Resolution of Disputed Administrative Claims and Disputed Claims.

(a) **Prosecution of Objections to Claims**. The Administrative Trustee shall have standing and the right to commence and pursue objections to Claims, and the Administrative Trustee shall have such standing after the Effective Date. All objections to Claims shall be filed with the Bankruptcy Court by the Claim Objection Deadline and served upon the Holders of each of the Claims to which objections are made. The Administrative Trustee shall have the right, after notice and a hearing, to seek an extension of the Claim Objection Deadline and such an extension shall not be deemed a material modification of the Plan.

(b) **Objections to Claims**. An objection to the allowance of a Claim shall be in writing and shall be Filed with the Bankruptcy Court by the Administrative Trustee. Except as set forth herein, nothing herein, in the Confirmation Order or in any Order in aid of Confirmation, shall constitute, or be deemed to constitute, a waiver or release of any Claim, Cause of Action, Avoidance Action, right of setoff or recoupment or other legal or equitable defense which the Debtor had immediately prior to the commencement of the Bankruptcy Case against or with respect to any Claim. Except as set forth herein, upon Confirmation, the Debtor and Administrative Trustee shall have, retain, reserve and be entitled to assert all such Claims, Causes of Action, rights of setoff and recoupment and other legal or equitable defenses which the Debtor had immediately prior to the commencement of the Bankruptcy Case against or with respect to any Claim.

(c) **Late Claims.** Any Claim filed after the Bar Date shall be unenforceable unless the Claimant has been granted an extension of time to file a Claim by the Bankruptcy Court and such entity shall not be treated as a creditor or Claimant for the purposes of voting or distributions with respect to the Plan. Unless otherwise expressly ordered by the Bankruptcy Court, any such late-filed Claim shall not be entered on the official claims register, shall be deemed disallowed and expunged and the Claimant shall receive no distribution under the

Plan.

**7.12    Controversy Concerning Impairment**.  If a controversy arises as to whether any Claims or any Class of Claims or Interests are Impaired under the Plan, the Bankruptcy Court, after notice and a hearing, shall determine such controversy on or before the Confirmation Date.

## ARTICLE  VIII.
## CONDITIONS PRECEDENT

**8.1    Conditions Precedent to Confirmation of the Plan**.  The following are conditions precedent to confirmation that must be satisfied, or waived in accordance with section 9.3 of this Plan:

**(a)** The final version of the Plan and all of the schedules, documents and exhibits thereto shall have been filed;

**(b)** the Confirmation Order shall approve in all respects the provisions, terms and conditions of the Plan; and

**(c)**  the Letter of Credit is obtained.

**8.2    Conditions Precedent to Effective Date**.  The following are conditions precedent to the Effective Date that must be satisfied or waived in accordance with section 9.3 hereof:

**(a)** The Confirmation Date shall have occurred;

**(b)** The Confirmation Order shall have become a Final Order;

**(c)** The funding of the Administrative Trust in an amount sufficient to pay all Allowed Claims, including Administrative Claims, all Administrative Trust costs, and all fees of the United States Trustee in full shall have occurred; and

**(d)** The Administrative Trust Agreement shall have been entered into.

**8.3    Waiver of Conditions Precedent**.  The Debtor, or the Administrative Trustee, as the case may be, may waive any of the conditions precedent to confirmation or the Effective Date at any time, without notice and without further action, order, or approval of the Bankruptcy Court except those conditions listed in section 9.2(a) and (g) above.

**8.4    Effect of Non-Occurrence Of Conditions To The Effective Date**.  Each of the conditions to the Effective Date must be satisfied or waived by the Debtor or the Administrative Trustee, as the case may be, and the Effective Date must occur within ninety (90) days of Confirmation, or by such later date established by Final Order.  If the Effective Date has not occurred within ninety (90) days of Confirmation, then upon motion by a party in interest (including the Debtor) made before the Effective Date and a hearing, the Confirmation Order may be vacated by the Bankruptcy Court; provided, however, that notwithstanding the filing of such

motion to vacate, the Confirmation Order may not be vacated if the Effective Date occurs before the Bankruptcy Court enters a Final Order granting such motion.  If the Confirmation Order is vacated, then except as provided in any Final Order vacating the Confirmation Order, the Plan will be null and void in all respects, and nothing contained in the Plan or Disclosure Statement shall: (1) constitute a waiver or release of any Claims, Interests, or Causes of Action; (2) prejudice in any manner the rights of the Debtor or any other Person; or (3) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtor or any other Person.

## ARTICLE IX.
## EFFECTS OF CONFIRMATION

**9.1**      **Authority to Effectuate Plan**.  Upon the Effective Date, those matters provided to be done under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Administrative Trustee.  The Administrative Trustee shall be authorized, without further application to or order of the Bankruptcy Court, to take whatever action necessary to achieve consummation and carry out the Plan.

**9.2**      **Transfer Taxes Not Applicable**.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, transfer tax, recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any documents related to the Sale of the Assets without the payment of such tax, recordation fee, or governmental assessment.

**9.3**      **Binding Effect**.      Except as otherwise expressly provided in the Plan, on and after the Effective Date, the Plan shall bind all Holders of Claims and Interests, whether or not such Holders voted to accept or reject the Plan.

**9.4**      **Releases**.  ON THE EFFECTIVE DATE, SUBJECT TO THE LAST CLAUSE OF THIS PARAGRAPH, THE RELEASEES SHALL BE DEEMED TO HAVE RELEASED AND DISCHARGED, AND SHALL HAVE RELEASED AND DISCHARGED, EACH OTHER OF AND FROM ANY CLAIM OR CAUSE OF ACTION, WHETHER KNOWN OR UNKNOWN, ASSERTED OR NOT ASSERTED, SCHEDULED OR NOT SCHEDULED, WHETHER ARISING UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW, AND WHETHER ARISING FROM OR RELATED TO ACTS OR OMISSIONS OCCURRING ON OR BEFORE THE EFFECTIVE DATE, AND EACH RELEASEE COVENANTS NOT TO SUE ANY OTHER RELEASEE WITH RESPECT TO THE CLAIMS RELEASED HEREIN; PROVIDED, HOWEVER, NO RELEASEE SHALL BE RELEASED AND DISCHARGED FROM OBLIGATIONS UNDER THE PLAN; PROVIDED, FURTHER, HOWEVER, THAT NOTHING CONTAINED HEREIN SHALL BE DEEMED A RELEASE OF ANY VIOLATIONS OF STATE AND/OR FEDERAL CRIMINAL STATUTES AND NOTHING HEREIN SHALL RELEASE CLAIMS FOR GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF THE DEBTOR, THEIR OFFICERS AND DIRECTORS, AND THEIR ATTORNEYS.

Released Causes of Action.  From and after the Effective Date, all rights, claims, and Causes of Action of the Debtor or the Estate, whether known or unknown, asserted or not asserted, Scheduled or not Scheduled, and whether arising under the Bankruptcy Code or other applicable law, are forever released and discharged.  Nothing contained herein shall be deemed a waiver, release or discharge of any rights, claims, Causes of Action, or defenses which the Debtor or the Estate may have to the extent they are asserted by the Debtor as a defense, setoff or third party claim.

## ARTICLE X.
## RETENTION OF JURISDICTION

**10.1**    **Retention of Jurisdiction**.  Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Bankruptcy Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

(a)    allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any application or request for payment of any Administrative Expense Claim, and the resolution of any objections to the allowance or priority of Claims;

(b)    hear and determine all Professionals' applications for compensation and reimbursement of expenses incurred in the Bankruptcy Case;

(c)    determine any and all adversary proceedings, motions, applications, and contested or litigated matters and consider and act upon the compromise and settlement of any Claim against the Estate;

(d)    enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection therewith;

(e)    hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection therewith;

(f)    consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(g)    issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

(h)    hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement, the

Confirmation Order;

   (i) enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Bankruptcy Case;

   (j) hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

   (k) hear and determine all matters related to the property of the Estate or the Debtor from and after the Effective Date;

   (l) hear and determine such other matters as may be provided in the Confirmation Order and as may be authorized under the provisions of the Bankruptcy Code; and

   (m) enter a final decree closing the Bankruptcy Case.

**ARTICLE XI.**
**MISCELLANEOUS PROVISIONS**

   **11.1**  **Reports**.  Until a Final Decree is entered, the Administrative Trustee shall submit all post-confirmation quarterly reports to the United States Trustee as required by the United States Trustee guidelines (with a copy served on the Office of the United States Trustee) setting forth all receipts and disbursements of the Administrative Trustee.  The first report shall be filed within thirty (30) days after the end of the quarter in which the Effective Date occurs.  The Administrative Trustee shall be responsible to request that a Final Decree be entered in this Bankruptcy Case.  Notwithstanding anything to the contrary in this Plan, the Administrative Trustee shall also be responsible for the timely payment of any and all quarterly fees due to the United States Trustee until the Bankruptcy Case is closed, dismissed, or converted..

   **11.2**  **Severability of Plan Provisions.**  If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, on its own motion or at the request of the Administrative Trustee, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may be altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

   **11.3**  **Allocation of Plan Distributions between Principal and Interest.**  To the extent that any Allowed Claim entitled to a distribution under the Plan is comprised of indebtedness and accrued but unpaid interest thereon, unless otherwise agreed by the Administrative Trustee and the respective Claimant, such distribution shall, for federal income tax purposes, be allocated to the principal amount of the Claim first, and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid interest.

**11.4    No Interest**.  Except as expressly stated in this Plan, or allowed by Final Order of the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the Petition Date.

**11.5    Confirmation Over Objection**.  If any Impaired Class of Creditors shall fail to accept the Plan, the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with the applicable provisions of section 1129(b) of the Bankruptcy Code.

**11.6    Notices**.  All notices, requests or demands for payments provided for in the Plan shall be in writing and shall be deemed to have been given when personally delivered by hand or deposited in any general or branch post office of the United States Postal Service.  Notices, requests and demands for payments shall be addressed and sent postage pre-paid or delivered in the case of notices, requests or demands for payments to the following:

*To the Debtor:*

Gellert Scali Busenkell & Brown
913 N. Market Street, 10th Floor
Wilmington, Delaware 19801
Attention: Michael Busenkell, Esq.

-and-

DuffyAmedeo LLP
275 Seventh Avenue, 7th Fl
New York, New York 10010
Attention: Todd E. Duffy, Esq.

*To the United States Trustee:*

United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
Attention:  Tiiara Patton, Esq.

**11.7    Plan Controls Disclosure Statement**.  Notwithstanding anything to the contrary contained herein or in the Disclosure Statement, in the event and to the extent that any provision of the Plan is inconsistent with any provision of the Disclosure Statement, the provisions of the Plan shall control and take precedence.

**11.8    Filing of Additional Documents**.  Prior to the Effective Date, the Debtor may file with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan that are not inconsistent with the terms of the Plan.  On or after the Effective Date, the Administrative Trustee may file with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate the terms and conditions of this Plan.

**11.9    Reservation of Rights**.  If the Plan is not confirmed by the Bankruptcy Court or any other Court of competent jurisdiction for any reason, the rights of the Debtor and all

parties in interest in the Bankruptcy Case shall and will be reserved in full.  Statements and provisions made in the Plan or in the Disclosure Statement are made only for the purpose(s) of the Plan.  If the Plan is withdrawn, the Confirmation Order is not entered, or if the Effective Date does not occur, no Person shall be bound by or deemed prejudiced by any such statement or provision.

        **11.10**      **Rules of Interpretation; Computation of Time.**  For purposes of the Plan, (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document as being in a particular form or containing particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, (b) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented, (c) unless otherwise specified, all references in the Plan to Sections, Articles, and Exhibits, if any, are references to Sections, Articles, and Exhibits of or to the Plan, (d) the words "herein" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan, (e) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan, and (f) the rules of construction set forth in section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply.  In computing any period of time prescribed or allowed by the Plan, unless otherwise specifically designated herein, the provisions of Bankruptcy Rule 9006(a) shall apply.

        **11.11**      **Direction to a Party**.  From and after the Effective Date, the Administrative Trustee may apply to the Bankruptcy Court for the entry of an order directing any Person to execute or deliver or to join in the execution or delivery of any instrument or document reasonably necessary or reasonably appropriate to effect a transfer of properties dealt with by this Plan, and to perform any other act (including the satisfaction of any lien or security interest) that is reasonably necessary or reasonably appropriate for the consummation of the Plan.

        **11.12**      **Successors and Assigns**.  Unless otherwise provided in the Plan, the rights, duties and obligations of any Person named or referred to in this Plan, including all Creditors, shall be binding on, and shall inure to the benefit of, the successors and assigns of such Person.

        **11.13**      **Compliance with Tax Requirements**.  In connection with this Plan, the Administrative Trustee shall comply with all withholding and reporting requirements imposed by Federal, State, local or foreign taxing authorities.  Under section 1146(a) of the Bankruptcy Code and applicable Delaware law, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

        **11.14**      **Post-Effective Date Professional Fees**.  The reasonable fees and actual and necessary expenses incurred after the Effective Date by professionals for the Administrative Trustee shall be paid by the Administrative Trustee upon the submission of an invoice to the Administrative Trustee without the need for further notice to any Person or approval by the Bankruptcy Court.

        **11.15**      **Governing Law.**  Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and Bankruptcy Rules, (a) the construction and implementation of the Plan and any agreements, documents, and instruments executed in

connection with the Plan, and (b) governance matters shall be governed by the laws of the State of Delaware, without giving effect to the principles of conflict of law thereof.

**[REMAINDER OF THIS PAGE WAS LEFT INTENTIONALLY BLANK]**

## ARTICLE  XII.
## MODIFICATION OF THE PLAN

**12.1**    The Debtor may alter, amend, or modify the Plan or any exhibits thereto under Bankruptcy Code section 1127(a) at any time prior to the Confirmation Date.  After the Confirmation Date and prior to substantial consummation of the Plan, the Debtor or Administrative Trustee may, under Bankruptcy Code section 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan so long as such proceedings do not materially or adversely affect the treatment of holders of Claims or Interests under the Plan; provided, however, prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

Respectfully submitted,

**ACG CREDIT COMPANY II, LLC**
*Debtor*

By: /s/      Michael DuFrayne

-- and --

| | |
|---|---|
| **GELLERT SCALI BUSENKELL & BROWN** | **DUFFYAMEDEO LLP** |
| | Todd E. Duffy |
| | Douglas A. Amedeo |
| By: /s/ Michael Busenkell | 275 Seventh Avenue, 7th Fl |
| Michael Busenkell (No. 3933) | New York, New York 10010 |
| 913 N. Market Street, 10th Floor | Tel: (212) 729-5832 |
| Wilmington, Delaware 19801 | Fax: (212) 208-2437 |
| Tel: (302) 426-5800 | tduffy@duffyamedeo.com |
| Fax: (302) 425-5814 | damedeo@duffyamedeo.com |
| mbusenkell@gsbblaw.com | |

Counsel to the Debtor and Debtor in Possession

Dated: August 26, 2014
        Wilmington, Delaware