## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ACG CREDIT COMPANY II, LLC, | Case No. 14-11500 (KJC) |
| Debtor. | Jointly Administered |
| | **Objections Due: September 26, 2014 at 5:00 p.m. (ET)** |

### SECOND MONTHLY APPLICATION OF DUFFYAMEDEO LLP AS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD AUGUST 1, 2014 THROUGH AUGUST 31, 2014

| | |
|---|---|
| Name of Applicant: | **DUFFYAMEDEO LLP** |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | July 31, 2014 nunc pro tunc to July 16, 2014 |
| Period for which compensation and reimbursement is sought: | August 1, 2014 through August 31, 2014 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 61,400 (80% of $76,750.00) |
| Amount of reimbursement sought as actual, reasonable and necessary: | $515.50 |

This is an  _x_  interim __  final application

If this is not the first application filed, disclose the following for each prior application:

| Date Filed | Period Cover | Requested Fees/Expenses | Approved Fees/Expense |
|---|---|---|---|
| September 2, 2014 | July 16-July 31, 2014 | $46,400.00 (80% of $58,000.00)(fees)/ $657.50 (expenses) | Pending |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## COMPENSATION BY PROFESSIONAL
ACG Credit Company II, LLC
(Case No. 14-11500 (KJC))

August 1, 2014 through August 31, 2014

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Douglas A. Amedeo | Partner | $500.00 | 76.40 | $37,300.00 |
| Todd E. Duffy | Partner | $500.00 | 80.70 | $39,450.00 |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL HOURS:** | | | 157.10 | |
| **GRAND TOTAL:** | | | | $76,750.00 |
| **BLENDED RATE** | | **$500.00** | | |

## COMPENSATION BY PROJECT CATEGORY

ACG Credit Company II, LLC
(Case No. 14-11500 (KJC))

August 1, 2014 through August 31, 2014

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| Attend Court Hearings | 5.0 | $2,500.00 |
| Communications | 41.7 | $20,850.00 |
| Drafting | 42.40 | $21,200.00 |
| Meetings | 11.3 | $5,650.00 |
| Research | 11.8 | $5,900.00 |
| Review and Revise | 37.7 | $18,850.00 |
| Travel | 7.2 | $1,800(50% of $3,600.00) |
| **TOTAL** | **157.1** | **$76,750.00** |

## EXPENSE SUMMARY

ACG Credit Company II, LLC
(Case No. 14-11500 (KJC))

August 1, 2014 through August 31, 2014

| Expense Category | | Total Expenses |
|---|---|---|
| Train Travel Expenses | | $515.50 |
| **Grand Total Expenses** | | **$515.50** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

*In re*

ACG CREDIT COMPANY II, LLC,

Debtor.

---

Chapter 11

Case No. 14-11500 (KJC)

Jointly Administered

**Objections Due: September 26, 2014 at 5 p.m. (ET)**

**SECOND MONTHLY APPLICATION OF DUFFYAMEDEO LLP
AS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE
OF INTERIM COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL
AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
AUGUST 1, 2014 THROUGH AUGUST 31, 2014**

DuffyAmedeo LLP ("DuffyAmedeo"), counsel to ACG Credit Company II, LLC (the "Debtor"), submits this second application (the "Application") for allowance of compensation for professional services rendered by DuffyAmedeo to the Debtor for the period August 1, 2014 through August 31, 2014 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by DuffyAmedeo during the Compensation Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [D.I.

5

119] (the "Interim Compensation Procedures Order"). In support of this Application, DuffyAmedeo represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3. On June 17, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. The Debtor is engaged principally in the business of loaning money to individuals or organizations secured by museum quality art. Under the Debtor's business model, the source of funds for the Debtor's loan-making were secured from wholesale lenders.

## DUFFYAMEDEO'S RETENTION

7. By application, filed on July 16, 2014, the Debtors requested authority to retain DuffyAmedeo as co-counsel to the Debtor and Debtor-in-Possession in connection with the above referenced bankruptcy cases [D.I. 63].

8. By order dated July 31, 2014, this Court approved the retention of DuffyAmedeo as co-counsel for the Debtors pursuant to sections 105(a), 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Fed.R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 [D.I. 2054].

## FEE PROCEDURES ORDER

9. On August 29, 2014, the Court entered the Interim Compensation Procedures Order [D.I. 119], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

10. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court on or after the tenth day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within fifteen (15) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtor is authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtor is authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

**Relief Requested**

11.     DuffyAmedeo submits this Application (a) for allowance of reasonable compensation in the amount of $ 61,400 (80% of $76,750.00) for actual and necessary services rendered by it on behalf of the Debtor as counsel during the Compensation Period, (ii) reimbursement of $515.50 for reasonable, actual and necessary expenses incurred during the Compensation Period.

**DUFFYAMEDEO'S APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

12.     All services for which DuffyAmedeo requests compensation were performed for or on behalf of the Debtor as its counsel.

13.     DuffyAmedeo has received no payment and no promise for payment from any source other than the Debtor's Non-debtor affiliate for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between the Debtor and any other person other than the partners of DuffyAmedeo for the sharing of compensation to be received for services rendered in these cases as counsel.

**Fee Statements**

14.     The fee statement for the Compensation Period is attached hereto as Exhibit "A." The statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Compensation Period.  To the best of DuffyAmedeo's knowledge, this Application complies with section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  DuffyAmedeo's time reports are manually entered into the time keeping system by the attorney performing the described services.  The time reports are

organized on a daily basis. DuffyAmedeo charges for its professional services are based upon the time, nature, extent and value of such services and the costs of comparable services other than in a case under the Bankruptcy Code.

## Actual and Necessary Expenses

15. A summary of actual and necessary expenses incurred by DuffyAmedeo for the Compensation Period is attached hereto as the final section of Exhibit "A." In this instance, the only expenses are for reimbursement of Amtrak expenses for travel between New York and Delaware and a small charge for train travel to NY Penn Station from Summit, NJ.

16. The expenses are charged at the same amounts incurred by DuffyAmedeo and do not include surcharges.

## Summary of Services by Project

17. The services rendered by DuffyAmedeo during the Compensation Period can be grouped into the categories set forth below. DuffyAmedeo attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit "A." Exhibit "A" identifies the attorneys who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**Attend Court Hearings**

  (Fees: $2,500.00;         Hours:  5.0)

  This category represents coordination and compliance activities, including review of the hearing agendas and compiling/organization of hearing binders, pleadings and case file.

**Communications**

  (Fees: $20,850;         Hours: 41.70)

  This category represents communications with parties relating to various issues relating to the debtor.

**Drafting**

  (Fees: $21,200.00;         Hours: 42.40)

  This category relates to work performed regarding drafting motions, objections or other documents for the Debtor.

**Meetings**

  (Fees: $5,650.00         Hours:  11.3)

  This category relates to work performed regarding attendance at various meetings either with the Debtor or on behalf of the Debtor.

**Research**

  (Fees: $5,900.00         Hours: 11.8)

  This category relates to work performed regarding legal research performed to support assertions made in objections or motions.

**Review and Revise**

  (Fees: $18,850.00)           Hours: 37.7)

  This category relates to work performed reviewing or revising documents to be submitted to the Court.

**Travel**

  (Fees: $1,800.00)           Hours: 7.2)

  This category relates to travel to and from court appearances.  <u>The time in this category is billed at a rate that is one half of the ordinary rate of DuffyAmedeo attorneys.</u>

  18. DuffyAmedeo has endeavored to represent the Debtor as co-counsel in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys at DuffyAmedeo so that work has been performed by those most familiar with the particular matter or task and, where attorney involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, DuffyAmedeo has sought to coordinate with other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fee and expenses to the Debtors.  DuffyAmedeo believes it has been successful in this regard.

  19. The undersigned has reviewed the requirements of Local Rule 2016-2 of the United States Bankruptcy Court for the District of Delaware and certifies to the best of his information, knowledge and belief that this application complies with Local Rule 2016-2.

  WHEREFORE, DuffyAmedeo respectfully requests that this Court allow fees of <u>$ 61,400 (80% of $76,750.00)</u> in compensation for professional services rendered and $<u>515.50</u> for actual and necessary expenses incurred for the period of August 1, 2014 through August 31, 2014; (ii) authorize and direct the Debtors to pay to DuffyAmedeo the amount of $61,400.00 which is

equal to the sum of 80% of DuffyAmedeo's allowed compensation and 100% of DuffyAmedeo's allowed expense reimbursement for a total payment of $61,915.50; and (iii) granting such other relief as this Court deems just and proper.

Date: September 11, 2014                              **DUFFYAMEDEO LLP**

                                                      */s/ Todd E. Duffy*
                                                      Todd E. Duffy
                                                      Douglas A. Amedeo
                                                      275 Seventh Avenue, 7th Floor
                                                      New York, NY 10001
                                                      (212) 729-5832
                                                      tduffy@duffyamedeo.com

                                                      C*ounsel to the Debtor and
                                                      Debtor in Possession*