# IN THE UNITED STATES BANKUPTCYCOURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACG CREDIT COMPANY II, LLC,[1] | ) | Case No. 14-11500 (KJC) |
| | ) | |
| Debtor. | ) | **Obj. Deadline: Dec. 4, 2014 @ 5:00 p.m.** |
| | ) | |

## FOURTH MONTHLY APPLICATION OF GELLERT SCALI BUSENKELL & BROWN, LLC, AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2014 THROUGH OCTOBER 31, 2014

| | |
|---|---|
| Name of Applicant: | GELLERT SCALI BUSENKELL & BROWN, LLC |
| Authorized to provide professional services to: | Debtor |
| Date of retention: | July 21, 2014 nunc pro tunc to June 17, 2014 |
| Period for which compensation and reimbursement is sought: | October 1, 2014 to October 31, 2014 |
| Amount of compensation sought as actual, reasonable and necessary: | $8,840.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $41.26 |

This is an _x_ interim ___ final application

If this is not the first application filed, disclose the following for each prior application: N/A

---

[1] The last four digits of the Debtor's federal tax identification number are 7139.

## COMPENSATION BY PROFESSIONAL
ACG Credit Company II, LLC
(Case No. 14-11500 (KJC))

October 1, 2014 through October 31, 2014

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael Busenkell | Member | 425.00 | 3.30 | $1,402.50 |
| Ronald S. Gellert | Member | 385.00 | 0.00 | 0 |
| Brya M. Keilson | Member | 290.00 | 20.10 | $5,829 |
| Maria E. Whalen | Paralegal | 190.00 | 5.90 | $1,121.00 |
| Mollie Canby | Paralegal | 140.00 | 0.00 | 0 |
| Richard Bennett | Paralegal | 125.00 | 3.90 | $487.50 |
| Gabrielle Winick | Law Clerk | 85.00 | 0.00 | 0 |
| TOTAL HOURS: | | | 33.20 | |
| GRAND TOTAL: | | | | $8,840.00 |
| BLENDED RATE: | | $275.84 | | |

## COMPENSATION BY PROJECT CATEGORY

ACG Credit Company II, LLC
(Case No. 14-11500 (KJC))

October 1, 2014 through October 31, 2014

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | 0.00 |
| Asset Disposition | 0.00 | 0.00 |
| Bankruptcy Administration | 0.00 | 0.00 |
| Bankruptcy – Related Advice | 1.30 | $377.00 |
| Bankruptcy – Claims and Plan | 0.00 | 0.00 |
| Board of Directors Matter | 0.00 | 0.00 |
| Business Operations | 0.00 | 0.00 |
| Case Administration | 7.20 | $1,698.50 |
| Case Assessment, Development & Admin. | 0.00 | 0.00 |
| Claims Administration and Objections | 0.50 | $212.50 |
| Fee/Employment Application | 16.60 | $4,348.00 |
| Fee/Employment Objections | 0.00 | 0.00 |
| Financing/ Cash Collections | 0.00 | 0.00 |

| | | |
|---|---|---|
| General Bankruptcy Advice/Opinions | 0.00 | 0.00 |
| Other Contested Matters | 7.60 | $2,204.00 |
| Other Written Motions/ Submissions | 0.00 | 0.00 |
| Plan and Disclosure Statement | 0.00 | 0.00 |
| Preliminary Injunctions/Provisional Remedies | 0.00 | 0.00 |
| Relief from Stay /Adequate Protection | 0.00 | 0.00 |
| Settlement/ Non-Binding ADR | 0.00 | 0.00 |
| Tax Issues | 0.00 | 0.00 |
| **TOTAL** | **33.20** | **$8,840.00** |

## EXPENSE SUMMARY

ACG Credit Company II, LLC
(Case No. 14-11500 (KJC))

October 1, 2014 through October 31, 2014

| Expense Category | | Total Expenses |
|---|---|---|
| Courier Services | Reliable | $12.26 |
| Court Call | | 0.00 |
| Filing Fee | | 0.00 |
| Overnight delivery | | 0.00 |
| Pacer Charges | | $18.50 |
| Photocopy Charges (at $0.10/page) | 105 | $10.50 |
| Postage | | 0.00 |
| Legal Services/Filings/Mailings | | 0.00 |
| Meetings (Lunch) | | 0.00 |
| **Total Expenses** | | **$41.26** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ACG CREDIT COMPANY II, LLC,[2] | ) | Case No. 14-11500 (KJC) |
|  | ) |  |
| Debtor. | ) | **Obj. Deadline: Dec. 4, 2014 @ 5:00 p.m.** |
|  | ) |  |

### FOURTH MONTHLY APPLICATION OF GELLERT SCALI BUSENKELL & BROWN, LLC, AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2014 THROUGH OCTOBER 31, 2014

Gellert Scali Busenkell & Brown, LLC ("GSBB"), counsel for ACG Credit Company II, LLC ("ACG"), submits this fourth application (the "Application") for allowance of compensation for professional services rendered by GSBB to the Debtor for the period October 1, 2014 through October 31, 2014 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by GSBB during the Compensation Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

---

[2] The last four digits of the Debtor's federal tax identification number are 7139.

4

Reimbursement of Professionals [D.I. 119] (the "Interim Compensation Procedures Order"). In support of this Application, GSBB represents as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.    On June 17, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor intends to continue in the possession of its respective properties and the management of its respective businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed.

4.    The Debtor is engaged principally in the business of loaning money to individuals or organizations to purchase museum quality art. The Debtor retains collateral in the form of the art.

5.    On July 14, 2014, the Application of the Debtor for an Order Authorizing and Approving the Employment of Executive Sounding Board Associates, LLC as Chief Restructuring Officer for the Debtor Nunc Pro Tunc to June 25, 2014 (the "CRO Application") [D.I. 54]. The order (the "CRO Order") approving the CRO Application was entered on July 31, 2014 [D.I. 96].

## GSBB'S RETENTION

6.      By application, filed on July 1, 2014, the Debtor requested authority to retain

GSBB as counsel in connection with the above referenced bankruptcy case [D.I. 34].

7.      By order dated July 21, 2014, this Court approved the retention of GSBB as

counsel for the Debtor pursuant to sections 105(a), 327(a), 328(a), 330, and 331 of the

Bankruptcy Code, Fed.R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1

[D.I. 80].

## FEE PROCEDURES ORDER

8.      On August 29, 2014, the Court entered the Interim Compensation Procedures

Order [D.I. 119], which sets forth the procedures for interim compensation and reimbursement of

expenses for all professionals in this case.[3]

9.      In particular, the Interim Compensation Procedures Order provides that a

Professional may file and serve a Monthly Fee Application with the Court on or after the tenth

day of each calendar month.  Provided that there are no objections to such Monthly Fee

Application filed within fifteen (15) days after the service of a Monthly Fee Application, the

Professional may file a certificate of no objection with the Court, after which the Debtor is

authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses

requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee

Application is filed, then the Debtor is authorized to pay 80 percent of the fees and 100 percent

of the expenses not subject to an objection.

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation
Procedures Order.

**RELIEF REQUESTED**

10.     GSBB respectfully requests that it be allowed (i) compensation in the amount of

$8,840.00 for reasonable, actual and necessary services rendered by it on behalf of the Debtor as

counsel during the Compensation Period and payment of $7,072.00, or 80% of the total amount

of legal fees, and (ii) reimbursement of $41.26 for reasonable, actual and necessary expenses

incurred during the Compensation Period.

**GSBB'S APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid**

11.     All services for which GSBB requests compensation were performed for or on

behalf of the Debtor as counsel.

**Fee Statements**

12.     The fee statement for the Compensation Period is attached hereto as Exhibit "A."

The statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Compensation Period.  To the best of GSBB's knowledge, this

Application complies with section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules

and the Local Rules.  GSBB's time reports are manually entered into the time keeping system by

the attorney or paralegal performing the described services.  The time reports are organized on a

daily basis.  GSBB charges for its professional services are based upon the time, nature, extent

and value of such services and the costs of comparable services other than in a case under the

Bankruptcy Code.

## Actual and Necessary Expenses

13.     A summary of actual and necessary expenses incurred by GSBB for the Compensation Period is attached hereto as Exhibit "B." GSBB customarily charges $.10 per page for photocopying expenses related to cases arising in Delaware. GSBB records the number of copies made for each client on a daily basis.

14.     GSBB believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.

## Summary of Services by Project

15.     The services rendered by GSBB during the Compensation Period can be grouped into the categories set forth below. GSBB attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit "A." Exhibit "A" identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

## Bankruptcy – Related Advice

(Fees: $377.00;                                    Hours: 1.3)

This category represents work performed relating to pre-petition prep work and strategy.


## Case Administration

(Fees: $1,698.50;                                  Hours: 7.20)

This category represents coordination and compliance activities, including review of the hearing agendas and compiling/organization of hearing binders, pleadings and case file.

**Claims Administration and Objections**

(Fees: $212.50;                                             Hours: 0.5)

This category relates to work performed regarding specific claim inquiries; bar date motions; analyses, objections and allowances of claims.

**Fee / Employment Application**

(Fees: $4,348.00;                                           Hours: 16.60)

This category represents preparation of employment and fee applications for GSBB and/or others; motions to establish interim compensation procedures.

**Other Contested Matters**

(Fees: $2,204.00;                                           Hours: 7.60)

This category represents work relating to SageCrest issues.

16.    GSBB has endeavored to represent the Debtor as counsel in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys and paralegals at GSBB so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, GSBB has sought to coordinate with other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fee and expenses to the Debtor.  GSBB believes it has been successful in this regard.

17.    The undersigned has reviewed the requirements of Local Rule 2016-2 of the United States Bankruptcy Court for the District of Delaware and certifies to the best of his information, knowledge and belief that this application complies with Local Rule 2016-2.

WHEREFORE, GSBB respectfully requests that this Court allow fees of $8,840.00 in compensation for professional services rendered and $41.26 for actual and necessary expenses incurred for the period of October 1, 2014 through October 31, 2014; (ii) authorize and direct the Debtor to pay to GSBB the amount of $7,072.00, which is equal to the sum of 80% of GSBB's allowed compensation and 100% of GSBB's allowed expense reimbursement for a total payment of $7,113.26 and (iii) granting such other relief as this Court deems just and proper.

Date: November 19, 2014

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Brya M. Keilson (DE 4643)
913 N. Market Street, 10th Floor
Wilmington, DE 19801
(302) 425-5800
(302) 425-5814 Fax

*Counsel for Debtor and Debtor in Possession*