**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| ACG CREDIT COMPANY II, LLC,[1] | ) Case No. 14-11500 (KJC) ) |
|  | ) Obj. Deadline: 12/8/12 |
| Debtor. | ) Hearing Date: 12/17/14 @ 10:00 a.m. ) |

**LIMITED OBJECTION OF IAN S. PECK, ACG FINANCE COMPANY, LLC, FINE ART FINANCE, LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP, INC. AND ACG CREDIT COMPANY, LLC TO THE MOTION OF CARTER PENNINGTON, TRUSTEE FOR THE BARQUET LIQUIDATING TRUST, PURSUANT TO 11 U.S.C. § 362(d)(1), FOR RELIEF FROM THE AUTOMATIC STAY**

By and through the undersigned counsel, Ian S. Peck, ACG Finance Company, LLC, Fine Art Finance, LLC, Art Capital Group, LLC, Art Capital Group, Inc. and ACG Credit Company, LLC (jointly and severally, "Settlement Stipulation Counter-Parties") hereby object (the "Objection") to the motion (Dkt 142)(the "Motion To Lift Stay") filed by Carter Pennington, Trustee for the Barquet Liquidating Trust (the "Barquet Trustee") pursuant to section 362(d)(1) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") as follows:

1. The Motion To Lift Stay asks this Court to lift the automatic stay so that Pennington may sell certain property held by the Barquet Liquidating Trust and distribute part of the proceeds thereof to SageCrest Liquidating Trust ("SLT").

2. As this Court is aware, SLT, the ACG Credit Company II, LLC estate (the "Estate"), and the Settlement Stipulation Counterparties are in the midst of litigation in the United States District Court for the District of Connecticut (the "CT Litigation") to determine,

---
[1] The last four digits of the Debtor's federal tax identification number are 7139.

1

among other things, whether SLT owes damages to the Estate and the Settlement Stipulation Counter-Parties or the Estate and/or the Settlement Stipulation Counter-Parties owe money to SLT under and relating to a So-Ordered Settlement Stipulation (the "Settlement Stipulation") entered in a New York State court action styled *SageCrest II, LLC v. ACG Credit Company LLC, et al.*, Index No. 600195/08. The CT Litigation is proceeding at the request of SLT, which has objected to this Court adjudicating the issues raised in that proceeding. *See generally* Order Granting The Motion For Relief For The Automatic Stay To Proceed With Trial Before The U.S. District Court In Connecticut, Dkt 131 (the "CT Lift Stay Order").

3. The CT Lifts Stay Order contemplates that the "Connecticut District Court [will] issue all rulings, decisions, and opinions necessary to enter final judgment on the claims between the Parties . . . ." Those issues include, among other things: (a) whether SLT has standing as a valid assignee of the SageCrest bankruptcy estate to assert any claims SageCrest might have held under the executory Settlement Stipulation contract (which the Settlement Stipulation Counter-Parties contend was *rejected* by the SageCrest Plan of Reorganization and therefore could not be assigned to the SLT); (b) whether SageCrest II, LLC, its bankruptcy estate, and/or the SLT engaged in wrongful servicing of the loans which served as collateral for the Settlement Stipulation; and (c) whether any lien SLT may have held against collections from such collateral (including payments on the Proof of Claim under the ACG-Barquet loan documents in the Barquet bankruptcy) has been extinguished under the terms of the Settlement Stipulation, including for example, paragraph 7(c) which states:

> If SageCrest receives payment in excess of the Settlement Amount, the Additional Interest, if applicable, and the reasonable collection and/or enforcement costs SageCrest is entitled to recover under this Settlement Stipulation or the Additional Agreements (as defined below)**, the excess proceeds shall be turned over to ACG-II or ACG Art Finance (whichever is**

**the applicable party)** within five (5) business days of receipt and any additional money in the Blocked Account with respect to the Lealma/Malca Art Loan, the Other Art Loans or the Assigned Loans shall be immediately remitted by SageCrest to ACG-II and/or ACG Art Finance (whichever is the appropriate entity). (Bold and underline added).

4. This Court has expressly ruled that "SageCrest shall not take any further actions against the Debtor to perfect any liens that may arise from any judgment entered in its favor or enforce any such judgment against the Debtor without further order of this Court." Dkt 131 (CT Litigation Lift Stay Order) at 2, ¶ 3.

5. It now appears that SLT hopes to short-circuit the CT Litigation, by opposing a proposed stipulation between Pennington and the Debtor which would have avoided the time and expense of a hearing and reserved all rights concerning whether or not the net proceeds on the POC were property of the ACG Estate.

6. Section 541 of the Bankruptcy Code broadly defines property of the estate to include "all legal and equitable interests of the debtor" (11 U.S.C. § 541(a)(1)), including "future, nonpossessory, contingent, speculative, and derivative interests." *Gorka v. Joseph (In re Atl. Gulf Cmtys. Corp.)*, 2005 Bankr. Lexis 1175, *13 (Bankr. D. Del. June 19, 2005) (citing *In re Anderson*, 128 B.R. 850, 853 (Bankr. D.R.I. 1991)).

7. The rulings in the Barquet bankruptcy cited in the Motion To Lift Stay did not address either: (a) SLT's status as the holder of the claims (as opposed to SageCrest II, LLC's status); or (b) the Debtor's reversionary interest in the proceeds of the Proof of Claim relating to the Barquet loan documents when the monetary threshold described in paragraph 7(c) and other provisions of the Settlement Stipulation has been met.

8.   ACG Finance and the other Settlement Stipulation Counterparties therefore file this limited objection to the present Motion to Lift Stay.

9.   ACG Finance and the other Settlement Stipulation Counterparties have no objection to entry of an order lifting the stay so that Pennington may liquidate collateral held by the Barquet Liquidating Trust or to making any distributions to any beneficiary of that trust other than the beneficiary interest "held" by SLT.

10.   SLT's claimed entitlement to those proceeds is at the heart of the CT Litigation. Allowing Pennington to transfer proceeds to SLT is therefore premature and should await the outcome of the CT Litigation.

11.   WHEREFORE, premises considered, ACG Finance and the other Settlement Stipulation Counterparties ask that the Court:

(a)   Grant the Motion To Lift Stay in part, to the extent it seeks permission to allow Pennington to liquidate the art works identified in the motion;

(b)   Deny the Motion To Lift Stay in part, to the extent it seeks permission to transfer cash proceeds from the sale of that property to SLT;

(c)   Direct Pennington to segregate such cash proceeds and hold them in trust until after the CT Litigation is concluded and this Court considers the effect of that litigation on the Estate and its property; and

(d)   Grant ACG Finance and the other Settlement Stipulation Counterparties such

other relief to which they are entitled.

Dated: December 5, 2014

    Dallas, Texas

        THE MAJORIE FIRM LTD.


By:    */s/    Francis B. Majorie*
        Pro Hac Vice
3514 Cedar Springs Road
Dallas, Texas 75219
Telephone: (214) 522-7400 ext 307
Fax: (214) 522-7911
fbmajorie@themajoriefirm.com

Attorneys to Ian S. Peck, ACG Finance Company, LLC, Fine Art Finance, LLC, Art Capital Group, LLC, Art Capital Group, Inc. and ACG Credit Company, LLC